52  87
117  684

52  87
s17NW 708
131  ¹143

52  87
138  ³206

52  87
141  ³ 92
52  159
141  ³706

52  87
f153  306

FREDERICK E. RICE AND HEMAN N. MOORE v. THE PENINSULAR CLUB OF GRAND RAPIDS.

*Agency of member of corporation.*

1. One who assumes to deal with a corporation, through one of its members, and though himself a member, must satisfy himself at his peril that the member through whom he deals has authority to act as agent for the corporation and is acting within the scope of his authority.

2. One who deals with another, supposing him to be an agent, is not protected by the other's assumption of authority to act.

3. A principal is bound by the act of an agent who has only exceeded his authority or has violated special instructions, unless the party with whom he dealt had notice of the want of authority in the particular case.

4. A corporator is not charged with constructive notice of corporate acts and may deal with the corporation as a stranger may, if his personal connection with corporate action is not such as to notify him of reasons to the contrary.

Error to Superior Court of Grand Rapids. (Parrish, J.) Oct. 17.—Dec. 20.

ASSUMPSIT. Defendant brings error. Reversed.

*Taggart & Wolcott* for appellant. An individual director of a corporation has no authority to bind the club by contract : *Lockwood v. Thunder Bay Lumber Co.* 42 Mich. 536 ; *Ridgway v. Farmer's Bank* 12 S. & R. 256 ; *Stoystown etc. Co. v. Craven* 45 Penn. St. 386 ; *Life and Fire Ins. Co. v. Mech. Ins. Co.* 7 Wend. 33 ; *Hoyt v. Thompson* 5 N. Y. 320 ; *National Bank v. Norton* 1 Hill 572 ; Ang. & Am. on Corp. 294, 304 ; *Alexander v. Cauldwell* 83 N. Y. 480.

*Taggart & Earle* for appellees. A member of a corporation is not presumed to know the contents of a director's report or the record of a meeting of the corporation :

*American Bank v. Baker* 4 Met. 164; *Hill v. Manchester Water Works Co.* 5 B. & Ad. 866; a member of an incorporated company entering into a contract with the company must be deemed, in respect to that contract, a stranger: *Merrick v. Peru Coal Co.* 61 Ill. 477; Ang. & Am. on Corp. (7th ed.) § 233; the representations, declarations and admissions of the agent of a corporation stand on the same footing with those of the agent of an individual: *Henderson v. R. R. Co.* 17 Tex. 560; the agent of a corporation clothed with certain powers by the charter or by the corporation may use those powers for an unauthorized or a prohibited purpose in his dealings with innocent parties, and the corporation be liable for his acts: *Railroad Company v. Savings Society* 24 Ind. 457; promises are implied against corporations in the same cases as against natural persons: *Gassett v. Andover* 21 Vt. 343.

COOLEY, J.  Assumpsit to recover the value of a bill of groceries and table supplies.  The defendant is a corporation formed for social purposes, and owning and occupying a club-house, in which it has been customary to supply meals and other refreshments to the members.  The corporation has a board of directors consisting of ten members, from which five are chosen as an executive committee, and this committee, it is provided by the articles of association, shall make all purchases and regulate the prices to be charged for articles sold by the club.  The executive committee, however, is subdivided into others, one of which is a supply committee composed of two members, who are to purchase the supplies.  The club holds monthly meetings for business purposes, and weekly meetings for social purposes.  In a conspicuous place in the club-house a bulletin is placed on which are posted all notices required by the constitution and by-laws to be posted.  All these are matters which are provided for by the articles of association.

The dining-room or restaurant is not kept by the club itself, but by a steward, who is hired by the club for the purpose, but who furnishes all supplies at his own expense,

and has all the profits. The directors have a supervision in respect to the quality of the supplies and also in respect to the charges to be made for meals. Other refreshments than those at the table are furnished by the club itself, but they are sold for the club by the steward. The steward also has general charge and supervision of the club-house and of the servants employed therein.

In November, 1881, one Morris was employed by the board of directors as steward. The plaintiffs were then grocers in Grand Rapids, and Mr. Moore, one of the plaintiffs, was a member of the club. He seems, however, not to have been familiar with the manner in which the business of the club was managed, and was not aware that the steward furnished at his own cost and for his own profit the tables. One of the directors, who was also a member of the supply committee, introduced Morris to the plaintiffs as the steward of the club, and Morris immediately began purchasing table supplies of them. The supplies were sold to him and charged to the club, on the supposition on the part of the plaintiffs, that the steward was agent for the club in making the purchases, and that the table was supplied by the club for its own benefit. It is testified on behalf of the plaintiffs that the director who introduced Morris to them said: "This is the steward of the Peninsular Club; let him have what he wants; it is for the club and I will see it paid for. At the end of the month send the bill in and I will see it cared for." This is disputed in defendant's evidence, and it is shown that while Morris was making the bill sued upon with the plaintiffs, there was a notice posted on the bulletin board of the club which showed the terms on which the steward held his place and furnished meals.

On the evidence of which the foregoing is an abstract the trial court submitted the case to the jury, who returned a verdict for the plaintiffs. One of the questions made in this Court is whether there was any evidence to go to the jury, as tending to make out a case against the defendant. We are of opinion there was no such evidence.

It appears without contradiction that the club did not furnish the supplies for the table, and had no responsibility for them whatever. Its committee on supplies had authority to inspect what were received, in order that it might be known that they were suitable, but this they did by way of supervising the steward's performance of his contract with the club, and not because the club, as principal, could have anything to do with the purchases. The club had never given the board of directors authority to buy supplies for the table, and the board had never assumed to give such authority to the supply committee or to any of its members. If, therefore, one of the members told the plaintiffs Morris's purchases were for the club, the statement was without authority, and as he could not, as agent, make these purchases on the credit of the club, neither could he in this indirect manner make the club liable. A party dealing with the agent of a corporation must at his peril ascertain what authority the agent possesses, and is not at liberty to charge the corporation by relying upon the agent's assumption of authority, which may prove, as it did in this case, to be entirely unfounded.

If the case were such that a director had apparent authority, under the general regulations of the club, to make purchases for the club, and had merely been guilty of excess or of violation of special instructions, the defendant should be held responsible unless the plaintiffs were notified of the want of authority in the particular case. But the keeping of the restaurant was a business by itself, as has been already stated, and therefore what is said to have been done by a director is not to be regarded as the act of an agent within the scope of his authority though in disregard of restrictions, but as the assumption on his part of a power never delegated. We attach no importance to the notice posted on the bulletin board and which it is not shown that Mr. Moore ever saw. We agree with the plaintiffs that a corporator is not charged with constructive notice of corporate acts, and may deal with the corporation as a stranger may, where his personal connection with corporate action is

not such as to notify him of reasons to the contrary. *Hill v. Water Works Co.* 5 B. & Ad. 866. But the principle has no importance in this case.

. The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.