JOHN CONOVER, Appellee, v. A. P. HASSELMAN, Appellant.

**BILLS AND NOTES: Holdership in Due Course—Evidence—Newspaper**
1 **Article Charging Fraud.** A newspaper article (even though unpublished) which in detail charges the payee of notes with fraudulently securing the notes and transferring them, in order to defeat the plea of fraud, is admissible, under proper instructions, against a purchaser of one of the notes who concedes that he read the article prior to purchasing the note.

**BILLS AND NOTES: Holdership in Due Course—Burden of Proof—**
2 **Conflicting Instructions.** Conflicting instructions as to the burden

of proof as to holdership in due course are necessarily erroneous, even though the conflict is inferential only.

**BILLS AND NOTES:** Holdership in Due Course—Instructions—Undue Emphasis as to Amount Paid. Error results from instructing that, on the issue of holdership in due course, the jury should consider all the circumstances and *"the amount paid for the note,"* because such an instruction is subject to the vice of unduly magnifying such latter evidence.

**BILLS AND NOTES:** Holdership in Due Course—Instructions—Limiting Amount of Recovery. Instructions limiting the amount of recovery by the transferee of a negotiable note to less than the amount paid therefor may not be complained of by the defendant maker.

**BILLS AND NOTES:** Holdership in Due Course—Peremptory Instruction as to Recovery. After properly instructing as to the burden of proof to show holdership in due course of a negotiable note, the court errs (though not reversibly) in failing, on request, to instruct peremptorily that, if plaintiff fails to meet said burden, the verdict must be for the defendant maker of the note.

**BILLS AND NOTES:** Holdership in Due Course—Transferee as Stockholder of Payee. The fact that the transferee of a negotiable promissory note is a stockholder of the original payee does not *ipso facto* charge such transferee with notice of the fraud in the inception of the note.

**Headnote 1:** 8 C. J. p. 1023 (Anno.) **Headnote 2:** 8 C. J. p. 1075. **Headnote 3:** 8 C. J. p. 1074 (Anno.); 38 Cyc. p. 1676. **Headnote 4:** 4 C. J. pp. 918, 920. **Headnote 5:** 4 C. J. p. 1048. **Headnote 6:** 8 C. J. pp. 524 (Anno.), 1047.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

MARCH 10, 1925.

ACTION to recover the amount due on two negotiable promissory notes. The defenses of fraud in the inception of the notes and want of consideration were set up. The plaintiff claimed to be a holder in due course. There was a verdict for the plaintiff. From a judgment thereon, the defendant appeals.—*Reversed and remanded.*

*W. H. Keating* and *Thomas J. Bray,* for appellant.

*Irving C. Johnson* and *McCoy & McCoy,* for appellee.

VERMILION, J.—The action is upon two promissory notes executed by the defendant, appellant, for stock in the Associated Packing Company and the Des Moines Union Stockyards Company. That the notes were procured by fraud, and were without consideration, is practically conceded; and the court below so instructed the jury. The plaintiff, in reply to the defenses of fraud and want of consideration, alleged that he was a holder in due course of the notes. This was the only question submitted to the jury.

The appellee, as a witness, admitted that he knew, at the time he purchased the notes, the purpose for which they had been given. On cross-examination, he was shown an article that it was claimed had appeared in a periodical published in the state. He admitted that he had read the article shown him, in the publication in question, before he had purchased the notes.

1. BILLS AND NOTES: holder-ship in due course: evidence: newspaper article charging fraud.

The article dealt quite extensively with the affairs of the Associated Packing Company, the methods by which it secured its stock subscriptions,—which methods were denounced as fraudulent,—and the manner in which it handled the notes given by subscribers, which was charged to be for the express purpose of getting them into the hands of persons against whom the defense of fraud would not be available, if they were holders in due course. The copy of the article shown the witness was offered in evidence by the appellant, but, on objection, was excluded. We think it should have been admitted, under proper instructions that it was not proof of the facts therein stated, but was only to be considered on the question of appellee's notice of the fraud in the inception of the notes, or of facts sufficient to charge him with bad faith in purchasing them. It appears to have been the thought of the objection that the article shown the witness was not properly identified as having been published in the periodical in question. If such identification was necessary, it was supplied by appellee's own testimony; but we think it was not necessary. The point was not where the article was published, or that it was published at all, but that appellee had read it before purchasing the notes. When this was admitted, the article was ad-

missible, as tending to show what information the appellee then had on the subject.

If it had been proposed to show by a witness that he told appellee, before the purchase of the notes, the various things stated and charged in the article, it could not be claimed that the testimony would not be admissible for that purpose. How, then, could it be said that a newspaper article which the appellee admitted he had read, was not equally admissible? It is argued that the error was without prejudice, because the appellee's attention was called to various statements in the article. This is true as to some portions of the article, but not as to all of it, by any means. We think that, when information came to appellee in such a way, the appellant was entitled to show just what the information was, and the whole of it.

Error is assigned on the giving of numerous instructions. Some of the instructions are vulnerable to the criticism made of them: that, at least by inference, they put upon appellant the burden of showing that appellee had knowledge of the fraud or lack of consideration for the notes, or of such facts and circumstances as would make his purchase of the notes a bad-faith transaction. It is true, the rule that the burden was on appellee to establish that he was a holder in due course, and that he obtained the notes in good faith and without notice of any infirmities, was correctly given in other instructions. At best, the instructions were apparently in conflict on this point,— a very important one, and one on which, in the minds of the jury, the decision may well have turned. It is one thing to say that the plaintiff may recover unless he had knowledge of the fraud, or of such facts that his action in taking the instrument amounted to bad faith, and quite another to say that, before he can recover, he must establish that he took the note without notice of infirmities, and in good faith. The evidence might be insufficient to establish bad faith affirmatively, and at the same time fall short of establishing affirmatively that the holder acquired a note in good faith, and without notice of infirmities. But, where fraud in the inception of the note is shown, the burden is upon the holder to show that he is a holder in due course: that is to say, that he took it in good faith, for value,

2. BILLS AND NOTES: holdership in due course: burden of proof: conflicting instructions.

and without notice of infirmities. Sections 3060-a52 and 3060-a59, Code Supplement, 1913 (Sections 9512 and 9519, Code of 1924); *Arnd v. Aylesworth,* 145 Iowa 185; *Connelly v. Greenfield Sav. Bank,* 192 Iowa 876; *Hess v. Iowa Bankers Mortgage Co.,* 198 Iowa 1365. While we might hesitate to reverse where the correct rule was expressly and fully given, and the incorrect one appeared only by inference, yet it must be said that the instructions complained of were erroneous in this respect.

An instruction directed that, in determining whether appellee was a holder in due course, the jury should take into consideration "all of the facts and circumstances shown by the evidence as surrounding the parties and the purchase of the notes at the time they were purchased, the amount paid for said notes," and thus determine the fact. This gave undue prominence to the single fact of the amount paid; and the instruction was for that reason erroneous. *Whitman v. Chicago, G. W. R. Co.,* 171 Iowa 277; *Haman v. Preston,* 186 Iowa 1292.

3. BILLS AND NOTES: holdership in due course: instructions: undue emphasis as to amount paid.

The court instructed that in no event could appellee recover more than $2,000 and interest. The appellee purchased three notes: the two in suit, of $1,500 and $650, respectively, and another of $500, amounting in all to $2,650, for a lump sum of $2,475. The evidence did not disclose that any particular amount was paid for any one note, in which case we think the court would have been warranted in saying that the discount was ratably distributed upon the notes. The amount for which the court permitted a recovery was less, however, than the amount paid for the notes in controversy, if the discount was so apportioned. The appellant cannot complain of this. Nor can he complain that the court limited appellee's recovery under Section 3070, Code of 1897. We have heretofore expressed doubt whether that section was not impliedly repealed by the Negotiable Instruments Act. *McLaughlin-Gormley-King Co. v. Hauser,* 195 Iowa 224; *Windahl v. Hasselman,* 198 Iowa 1001. But see Section 9441, Code of 1924.

4. BILLS AND NOTES: holdership in due course: instructions: limiting amount of recovery.

The appellant requested an instruction that, after stating the burden that rested upon the plaintiff to establish by a pre-

ponderance of the evidence that he obtained the notes in good

5. BILLS AND NOTES: holder-ship in due course: peremptory instruction as to recovery. faith and without knowledge of defects in the title, or knowledge of such facts that his act in taking the instruments amounted to bad faith, said that, if the plaintiff had failed to meet this burden, the verdict must be for the defendant. The instructions given contained no direct statement that, in case the plaintiff failed to establish the facts essential to his recovery, the verdict should be for the defendant; although this was the implication from the direction that the burden was upon him, and must be sustained, to warrant a recovery. While we would not reverse on this account alone, the requested instruction, or the thought of the latter part of it, should have been given.

Other objections to specific instructions are in some instances hypercritical, and none of them sufficiently meritorious to require separate consideration. The instructions as a whole are criticized because it is said that they emphasize and give undue prominence to the contentions of the appellee. What we have said indicates that the complaint is not wholly without merit.

The testimony showed that the appellee was himself a stockholder in the companies for whose stock the notes in suit were given. The appellant requested an instruction that he was by

6. BILLS AND NOTES: holder-ship in due course: transferee as stock-holder of payee. that fact chargeable with knowledge of the condition of the companies and the means employed in selling their stock. While the fact was one to be considered, in connection with the other circumstances shown, as bearing upon the knowledge and good faith of the appellee, it did not alone charge him with such knowledge. *Tarbox v. Gorman*, 31 Minn. 62 (16 N. W. 466); *Rice v. Peninsular Club*, 52 Mich. 87 (17 N. W. 708); *American Well & Prospecting Co. v. Blakemore*, 184 Cal. 343 (193 Pac. 779). There was no error in refusing to give the instruction.

The substance of other requested instructions, so far as correct, was covered by those given.

It is insisted that the appellant's motion for a directed verdict in his favor should have been sustained. In view of a retrial, we refrain from comment on the evidence, further than to

say that, on the record made, the question was one for the consideration of the jury.

For the errors pointed out, the judgment is reversed and the cause remanded.—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.