DUNNEGAN & BRIGGS, Appellants, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellee.

**NEW TRIAL: Grounds—Numerous-pointed Motion.** The sustaining 1 generally of a numerous-pointed motion for a new trial will enable appellee to prevail on appeal if any of said grounds support the ruling. (See Book of Anno., Vol. 1, Sec. 11550, Anno. 19 *et seq.*)

**NEW TRIAL: Grounds—Withdrawal of Material and Competent Testi-** 2 **mony.** The action of the court in withdrawing from the jury material and competent testimony relative to the limited facilities of a carrier necessarily furnishes ground for a new trial.

**TRIAL: Instructions—Unsupported Issue.** Instructions on unsupported 3 material issues constitute grounds for a new trial.

**TRIAL: Instructions—Copying Pleadings.** The practice of stating the 4 issues by copying the pleadings is *again* condemned. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 278 *et seq.*)

Headnote 1: 4 C. J. p. 662. Headnote 2: 29 Cyc. p. 783. Headnote 3: 29 Cyc. pp. 786, 787. Headnote 4: 38 Cyc. p. 1608.

Headnote 2: 20 R. C. L. 268.

*Appeal from Pottawattamie District Court.*—TOM C. WHITMORE, Judge.

DECEMBER 14, 1926.

Suit to recover for damages from delay in shipment of a drag line. The jury returned a verdict in favor of plaintiffs, and, on motion, the defendant was granted a new trial. Plaintiffs appeal.—*Affirmed.*

*Ferguson, Barnes & Ferguson* and *J. J. Hess,* for appellants.

*R. N. Lynch* and *D. E. Stuart,* for appellee.

ALBERT, J.—A general statement of the facts is all that is necessary to a consideration of the questions involved in this ruling.

Appellants had a contract for construction of a sewer in the city of Omaha. They had a drag line at Sheffield, Illinois, where they were doing some work on a government highway. On the 4th of August, 1922, the appellee furnished a flat car, and the drag line was loaded thereon, preparatory to shipment to Omaha. The car thus loaded was carried to Silvis, Illinois, a division point, where the train was broken up and this car placed on another train going westward. When the train reached Rock Island, the conductor discovered that the drag line had so switched or swung around on the flat car that it extended beyond the outside limits of the car from one and one-half to two feet, and since he knew that, with this condition, it would not clear certain of the bridges west of Rock Island, the car was set out, and marked "bad order." At this time, the Rock Island System had a strike on, in which the men i nthe department that had to do with bad-order cars were all out, which strike was not settled until after the time of the controversy herein. The company finally reset the drag line on the car and reblocked it and carried it to Council Bluffs, where it arrived on the 16th of September. On that day, appellants were notified, both by postal card and telephone, of its arrival at Council Bluffs, and were asked for orders as to the disposition of the car. They were asked by appellants to hold it for some time, until they determined what

they finally wished to do with same, and it was not finally delivered to appellants until sometime in October following.

Appellants pleaded special damages caused by the delay, in that they had workmen waiting at Council Bluffs to use this machine, and that they were compelled to pay them during the time of this waiting; and they also claimed that the work that this machine would have done in part had to be done by hand labor, at an additional expense.

The company defended on the grounds, among others, that the delay was caused by the strike, .and that the company was not negligent, which it claims was a complete defense, under the provisions of the bill of lading. It pleaded accord and satisfaction.

On submission to a jury, it returned a verdict for $3,795.63. Within proper time, a motion was made to set aside the verdict and for a new trial, in which are included 21 grounds. The court sustained this motion under the following ruling:

"The court finds that error was committed by the court in the instructions submitted to the jury for which reason defendant's said motion for a new trial should be sustained. It is, therefore, the order and ruling of the court that the defendant's motion for a new trial be, and the same is, sustained, after which ruling the plaintiff at the time duly excepts."

Appellants insist that, because the court in its finding states that it committed error in the instructions, no other question can be raised before this court than this, involving error in the instructions. A reading of the order made shows that the motion was sustained as a whole, and this gives appellee the benefit of a favorable ruling on every ground stated in the motion, so long as none of the grounds in the motion are specifically overruled. Therefore, in a review of this kind, regardless of the statements of the court in ruling on such a motion, if any one of the grounds of the motion, under the facts, does support the ruling, it is sufficient.

1. NEW TRIAL: grounds: numerous-pointed motion.

In the trial of the case, the court permitted appellee to partially show by evidence, and appellee also offered further evidence to establish, that appellee has no tracks from Council

2. NEW TRIAL: grounds: withdrawal of material and competent testimony.

Bluffs into the city of Omaha, except certain privileges acquired under a lease from the Union Pacific Railway; that all cars billed to Omaha are held at Council Bluffs, where the Rock Island has its switch yards; and that Omaha and Council Bluffs are in one switching district. This evidence became material by reason of certain claims made by the respective parties in the district court, incident to a delay in delivery. In Instruction No. 26, the court withdrew from the consideration of the jury all evidence relative to this matter, and told them to wholly disregard the same in determining the issues in the case. That this evidence was material and competent on one of the issues in the case, has been settled by the United States Supreme Court in the case of *Berwind-White Coal M. Co. v. Chicago & E. R. Co.*, 235 U. S. 371 (59 L. Ed. 275) ; and as this was an interstate shipment, we are controlled by the Federal decision on this proposition. The court therefore erred in its instruction in withdrawing this testimony from the consideration of the jury.

It is a well settled rule in this state that one demanding special damages must show that he used all ordinary effort to minimize the alleged special damages. *Kimball Bros. Co. v.*

3. TRIAL: instructions: unsupported issue.

*Citizens Gas & Elec. Co.*, 141 Iowa 632; *Bennett v. Incorporated Town of Mt. Vernon*, 124 Iowa 537; *Hensen v. Beebe*, 111 Iowa 534. The court so instructed the jury, but the trouble with the situation is that there was no evidence whatever in the record on this question. Appellee asked an instruction, in substance, that plaintiff had the burden of proof of showing what the reasonable and ordinary time for transportation of such shipment over the route in question would have been, and if they failed in this burden, then the verdict should be for appellee. But we can find no evidence in the record, and none is called to our attention, to which this instruction applies. Without this evidence, under this instruction, the verdict would of necessity be for appellee.

In Instruction No. 8 the court told the jury that, in determining what would be a reasonable time for the transportation, they should consider the distance by rail between said points and the character of the roadbed at the time in question, "and from such matters you are to determine whether or not

the defendant company transported said drag-line machine * *.* within a reasonable time.'' The record is wholly silent on the question of the condition of the roadbed, as there is no evidence touching such proposition. This instruction, directing the jury to take into consideration the condition of the roadbed, was wholly erroneous. As bearing on this proposition, see *City Nat. Bank v. Mason*, 181 Iowa 824; *Fay v. Chicago, R. I. & P. R. Co.*, 186 Iowa 573; *Davis v. Hansen*, 187 Iowa 583.

The court, in its Instruction No. 1, instead of stating the issues in a clear and concise manner, in effect, if not reality, copied the pleadings of the respective parties. This is a prac-
tice we have repeatedly condemned. As to our

4. TRIAL: instruc-
tions: copying    latest expression, see *Veith v. Cassidy*, 201 Iowa
pleadings.        376, where we reversed for this practice.

There are some of the other grounds of the motion for a new trial which were equally good, but we need not further detail them, because from what has been said it is shown that there was no abuse of discretion in the trial court in sustaining the motion for a new trial.—*Affirmed*.

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.