ALFRED YOUNG, Appellee, v. JACOBSEN BROTHERS, a copartnership, et al., Appellants.

No. 42572.

DECEMBER 26, 1934.

REHEARING DENIED APRIL 5, 1935.

484

Kimball, Peterson, Smith & Peterson, and G. C. Wyland, for appellants.

Brown, Fitch & West, and Thomas O. Tacy, for appellee.

ANDERSON, J.—This is a suit for damages for personal injuries resulting from an automobile collision. There was a trial to a jury resulting in a verdict for the plaintiff in the sum of $4,500, upon which judgment was entered. Motion for a new trial was overruled, and the defendants appeal. The record discloses that the plaintiff, appellee Alfred Young, is a farmer twenty-seven years old, living between Minden and Avoca, Iowa, and on the evening of February 23, 1933, at about 8 o'clock, he was driving his Ford roadster on Highway No. 7 proceeding west toward the town of Minden. His wife and children, a boy five and a girl three, were sitting in the seat with him, and one Orville Osbahr was riding in the back end of the roadster. In thus proceeding appellee came to the top of a hill or grade sloping toward the west in the direction in which he was driving. He testifies that at this point he saw two lights on a vehicle at the bottom of the hill four or five hundred feet distant. It develops in the record that the vehicle appellee saw at the bottom of the hill was a truck owned by the appellants, which is described as a 2½-ton International truck with a live stock body. The truck was twenty-eight feet long and the body was fifteen feet long and seven feet eight inches wide. It was loaded with eleven head of cattle and was driven by O. A. Clough, an employee of the appellants, who was accompanied by Robert Biglow, a young man twenty-three years of age, who was riding in the seat of the truck with Mr. Clough. The appellee further testifies that as the truck of the defendants approached the appellee he noticed that it was crowding to the north or left side of the highway, and that appellee reduced his speed to about fifteen miles an hour and turned his car off of the pavement onto the shoulder of the road. The shoulder was four or five feet wide with a ditch running along the north side and the plaintiff testifies that he got out on this shoulder as far as he could with safety and without getting into the ditch; that the truck continued to veer to the

north and toward the plaintiff's car as it approached nearer. The plaintiff testifies that he thought that the cars would pass without colliding, but as the truck was alongside of the appellee's car the driver of the truck suddenly swung the truck to the driver's right and threw the end of the body of the truck, which extended about eight feet beyond the rear wheels, against the appellee's car and hurled the appellee's car in the ditch, and the appellee was grievously and seriously injured. The testimony of the plaintiff, as we have detailed, is corroborated by that of the wife of the appellee, and Mr. Osbahr, who was riding on the rear of appellee's roadster. The story of the accident as detailed by the appellee and his witnesses is flatly contradicted by Clough, the driver of the truck, and Biglow, his companion. Their testimony is to the effect that the truck never got over on the left or north side of the highway, and that the car of the appellee must have been turned to the left and ran into the appellant's truck. The defendants' witnesses also testify that there was but one light burning upon appellee's roadster, however, plaintiff's witnesses testified that a new battery was put in the car just before they left home, and that both lights were burning until the accident occurred. Such are the material facts necessary for a disposition of this appeal.

Many errors are assigned by the appellants, all of which have been considered by the court, and we will specially notice some of them. The appellants contend that the negligence of the appellee was the proximate cause of the accident and resulting injury, and that the plaintiff was guilty of contributory negligence as a matter of law, and that defendants were not guilty of any negligence which was the proximate cause of the accident. Under this record it cannot be seriously contended that the question of the defendants' negligence was not one for the determination of the jury, and we will not needlessly extend this opinion to discuss this proposition. The appellants insist, however, that the appellee did not act as an ordinary, careful, and prudent person in the circumstances, and was therefore guilty of contributory negligence as a matter of law. The appellants argue that the appellee should have brought his car to a stop, in addition to reducing his speed to a minimum and driving practically off from the pavement, when he saw the truck approaching him and veering to the north or left side of the pavement, and that in not doing so the appellee violated section 5029 of the Code, and especially that part of

that section which provides that a person shall drive his vehicle upon a public highway at a speed which will permit him to bring it to a stop within the assured clear distance ahead, and that the accident could have been avoided had the appellee stopped his car. We cannot follow the appellants in this argument. Under the circumstances, as disclosed by the record, the appellee had the right to assume that the truck would not be deliberately driven into him, and he did not know, and could not have known until the instant of the collision, that the truck would not be pulled over to its own right side of the road before a collision could occur. The plaintiff did not drive contrary to any statute, and there is no assurance from the record that the collision would not have occurred had the plaintiff stopped his car, even after having driven off of the pavement. It is true the plaintiff testifies that he could have stopped his car within five feet, but the question is: What was the assured clear distance ahead, if there was any under the circumstances, and what would an ordinary, careful, and prudent person do under the circumstances at that instant existing? Appellants argue further that the appellee was in a position to have avoided the accident, and they further use the following language in their brief and argument: "He saw appellants' car approaching on appellee's side of the road. He knew that appellants would either remain on that side of the road or would be compelled to turn sharply to appellants' right hand side of the road or go into the ditch on the left side of the road. In any event appellee did know that to proceed was a dangerous course." Of course, appellee could see that if the appellants' truck continued in its course it would either go into the ditch or collide with appellee's car, but how was he going to avoid such a result? Bringing his car to a stop would not have changed the course of the truck, and a collision more disastrous than the one that occurred would no doubt have resulted. We do not think there is any merit in appellants' contention at this point. Contributory negligence is usually a question for the jury to determine, and under the facts in this case, we are satisfied that the question of contributory negligence was one which was properly submitted to the jury. Waring v. Dubuque Electric Company, 192 Iowa 508, 18 N. W. 130; Tinley v. Chambers Implement Co., 216 Iowa 458, 249 N. W. 390; Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893.

In the Tinley v. Chambers Implement case, the plaintiff had driven upon an arterial highway from a private drive without stopping as is enjoined by statute, and we held in that case, if it was apparent to the driver that he could enter the highway in safety he was not guilty of contributory negligence, and that the question of contributory negligence was for the jury. Appellants say that that case does not apply in the case at bar for the reason that there was a conflict in the evidence as to where and how the accident occurred. We find the same conflict, however, in the case at bar; the defendants' witnesses maintaining that the truck was at all times on its right side of the road, and the plaintiff's testimony showing that he had driven his car practically off of the pavement on his right side, and that the collision occurred when his car was in that position. This most assuredly presented a dispute and sharp conflict in the evidence as to where and how the accident occurred. The argument and reasoning in the Tinley v. Chambers Implement case is pertinent and directly in point to the question here involved.

■ The next matter of which appellants complain and seriously argue is that the court erred in its instructions to the jury, and particularly in setting out the plaintiff's petition substantially in full in paragraph 1 of the instructions, and also that the court erred in paragraphs 4, 8, 12, and 14 of its instructions.

We have repeatedly called attention of the trial courts to the fact that it was bad practice to copy the pleadings in the instructions. It seems that our criticism and warning has not reached the attention of some of the trial courts. We can do no more than repeat these criticisms and warn the trial courts that it is bad practice to incorporate the pleadings verbatim in instructions to juries. Swanson v. Allen, 108 Iowa 419, 79 N. W. 132; Gorman v. M. & St. L. Ry. Co., 78 Iowa 509, 43 N. W. 303; Robinson & Co. v. Berkey, 100 Iowa 136, 69 N. W. 434, 62 Am. St. Rep. 549; Veith v. Cassidy, 201 Iowa 376, 207 N. W. 328; Dunnegan & Briggs v. C. R. I. & P. Railway Co., 202 Iowa 787, 211 N. W. 364; In re Dolmage's Estate, 204 Iowa 231, 213 N. W. 380.

In the Veith v. Cassidy case, supra, in discussing this question we used the following language:

"We have repeatedly condemned this method of stating the issues to a jury. Like all pleadings, those in the instant case contain surplus matter not necessary to a proper pleading. It is the

duty of the court in stating the issues in instructions to select the material allegations of the pleadings of the parties which make the real issues in the case, and state them in such a way that the jury may understand the exact contentions of the respective parties. To copy the ordinary pleading in full, with the usual elaborations contained therein, and then tell the jury that the issues and questions under dispute are above set forth, permits them to speculate and possibly turn their decision on a matter which is wholly immaterial, and not an issue in the case."

It is evident that in this case the trial court copied practically *verbatim* the plaintiff's petition in paragraph 1 of the instructions. This includes four specific grounds of negligence as follows: "First: In negligently driving said truck on the left hand side of the highway in approaching plaintiff's said automobile." "Second: In swerving said truck sharply to the right just as he was about to pass plaintiff's automobile, thereby causing the body of said truck to swing still further to the left and making it impossible for the plaintiff to escape the collision." "Third: In not having said truck under sufficient control that he could have driven the *said* truck over upon the right hand side of said highway before passing plaintiff's automobile." "Fourth: In not driving said truck at such a speed as would have enabled him to stop the same in the assured clear distance ahead as required by law." The last two grounds of negligence were withdrawn by the court, and the case was submitted to the jury upon the first two grounds only. The appellants complain of the giving of paragraphs 4, 8, 12, and 14 of the court's instructions. Paragraph 4 is as follows: "The burden of proof in this case is placed upon the plaintiff to prove and establish his claim and cause of action by the preponderance of the evidence. If he has so established his claim and cause of action then your verdict should be for the plaintiff; but, on the other hand, if he has not so established his claim or cause of action, then your verdict should be for the defendants." We find no error in the giving of this instruction.

Then follows instructions 5, 6, and 7, containing proper definitions of negligence and contributory negligence. In instructions 8, 12, and 14, of which the appellants complain, the court referred in a general way to the grounds of negligence complained of by plaintiff, and appellants contend that such reference constitutes error and results in confusion and conflict and permits the jury to consider

and speculate upon any or all of the grounds of negligence set out in plaintiff's petition. The complained of instructions are subject to criticism, and this criticism could have been avoided had the trial court not copied the plaintiff's petition in full in paragraph 1 of its instructions. However, in paragraph 9 the court restricted the jury to a consideration of but two of the claimed grounds of negligence. Instruction No. 9 is as follows:

"9. As to the first essential required to be established you are instructed that only two claimed grounds of negligence are submitted to you for your consideration, and they are as follows:

"First: That the driver of said truck negligently drove said truck to the left hand side of said highway when approaching plaintiff's said automobile.

"Second: In swerving said truck sharply to the right just as he was about to pass plaintiff's automobile, thereby causing the protruding body of said truck to swing still further to the left and making it impossible for plaintiff to escape the collision.

"Plaintiff must establish negligence in one or both of said grounds of negligence before he will be entitled to recover."

Instructions 10 and 11 take up separately these two grounds of negligence and clearly and fully instruct upon them.

It will be seen that in instructions 9, 10, and 11 the court withdrew from the jury all of the grounds of negligence except the two specifically therein set out and instructed upon. Reading the instructions as a whole, we are constrained to hold that there is no prejudicial conflict or confusion, and that in instruction No. 9 the jury are plainly and specifically told that "only two claimed grounds of negligence are submitted to you for your consideration, and they are as follows" (setting them out as in paragraph No. 9).

We have carefully considered all of the instructions which were requested by the defendants. All of such requested instructions which were proper to give to the jury were in substance included in the court's instructions and there was no error in refusing to give defendants' requested instructions.

The record amply sustains the finding of the jury, and the recovery was not excessive under the circumstances as disclosed by the record. We find no reversible error, and an affirmance necessarily follows.—Affirmed.

MITCHELL, C. J., and STEVENS, KINDIG, and ALBERT, JJ., concur.