RICHARD L. GREGORY, Appellee, v. WILLIAM C. SUHR, Appellant.

No. 44004.

FEBRUARY 15, 1938.

F. E. Northup, Harry Druker, and Boardman & Cartwright, for appellee.

Smith, Swift & Maloney and Putnam, Putnam, Fillmore & Putnam, for appellant.

RICHARDS, J.—At about midnight on March 3, 1934, plaintiff was a traveler in an automobile proceeding westerly from Davenport toward Durant on Primary Highway No. 6. The car was being driven by its owner, one Craig. At the same time defendant Suhr was driving a Ford car easterly upon this highway. At a point about 3 miles east of Durant the two cars came into collision, resulting in physical injuries to plaintiff. Claiming that his injuries were caused by defendant Suhr's negligence, plaintiff brought this action for damages. Upon trial a verdict was returned for plaintiff and judgment rendered thereon. Defendant has appealed.

Defendant's first assignment of error is predicated on a claim that he pled in his answer that the collision of the cars was solely and proximately caused by the negligent acts of Craig, the driver of the car in which plaintiff was riding. Defendant urges that because he so pled the court erred in failing to instruct the jury "upon said pleaded issues and affirmative defenses."

What defendant in fact stated in his answer was, in sub-

stance, that the direct independent and proximate cause of plaintiff's injuries was the negligence of Craig in failing to drive at a careful and prudent speed in view of the fact that the night was dark and foggy, resulting in materially reduced visibility. But such alleged negligence of Craig, a third party, would not afford a defense if it concurred with negligence of defendant in causing the injury. The alleged negligence of Craig in itself would present a defense only in the event that such negligence amounted to the sole proximate cause of the injuries suffered. It will be noted that defendant's answer does not in terms state that Craig's negligence was the sole proximate cause of plaintiff's injuries. But if the words chosen by defendant were intended in that sense, he failed to advise the court that such was the purport of his pleading, as could have been done by requesting an instruction such as it is now claimed the court on its own motion should have given. Defendant did not ask for a specific instruction and we are of the opinion that the instructions were sufficient, and that defendant, having seen fit to request no amplification, cannot complain. The instruction given was that to recover, plaintiff must establish by the preponderance of the evidence that defendant was guilty of negligence and that such negligence was the proximate cause of plaintiff's injury. Under such instructions the jury could not find defendant guilty of negligence which was the proximate cause of the injury, if the evidence showed that the negligence of some third party was the sole proximate cause. And if, under this instruction, the jury found that defendant was negligent and that this negligence was the proximate cause of the accident, any negligence on the part of Craig could not be the sole proximate cause. If in following the instruction the jury found that defendant was negligent, and that his negligence was the proximate cause, defendant could not be prejudiced by a failure of the court to instruct the jury to consider an alleged sole proximate cause which could not exist. Lang v. Siddall, 218 Iowa 263, 254 N. W. 783; Stringley v. Crawford, 219 Iowa 509, 258 N. W. 316; Newland v. McClelland & Son, 217 Iowa 568, 250 N. W. 229.

██ Defendant's answer contained an allegation that plaintiff was guilty of contributory negligence in that he was aware of the fog and surrounding circumstances, and knew the dangers of traveling under such conditions and continued to thus travel

without warning or protest, although, owing to the fog, the lights of the car in which he was riding were not visible at a distance of 500 feet and did not disclose a substantial object 75 feet ahead of the car. Defendant says the court did not specifically instruct with respect to these allegations, to the prejudice of defendant. But the jury was charged generally with respect to negligence and contributory negligence including an instruction that it is the duty of every person at all times and in all situations to use the care which an ordinarily prudent person would use under the circumstances to avoid injury to his own person, in order to be in a position to recover damages, and a failure to exercise such care, if injury results therefrom, in whole or in part, constitutes contributory negligence. Defendant does not challenge the correctness of the instruction, and in our opinion, in the absence of any request for a more particular application of the instructions to these purported facts alleged in his answer, defendant may not be heard to complain of the sufficiency of the instructions. These allegations in the answer, with reference to which defendant claims there should have been a special instruction, were but statements of evidentiary matters, of the surrounding circumstances, of the fact that there was darkness and a fog, of the reduced visibility, and were but a portion of the conditions and circumstances that existed. The jury was instructed to give consideration to all the conditions and circumstances. Upon the record before us the reasonable view of the situation is that, under the instructions that were given, the jury took into consideration the circumstance that there was a fog, and its effect on visibility, as well as the other surroundings, when it weighed the acts of plaintiff with respect to contributory negligence and that a reversal is not warranted. In Van Norman v. Modern Brotherhood, 143 Iowa 536, 551, 121 N. W. 1080, 1085, it is said:

"The practice of embodying in an instruction a recital of facts on which a party relies is not to be encouraged because of the tendency to thereby unduly magnify the importance of the matters thus selected for special mention."

See, also, Conover v. Hasselman, 199 Iowa 661, 202 N. W. 502, and Whitman v. C. G. W. Ry. Co., 171 Iowa 277, 153 N. W.

1023. In Kelly v. C. R. I. & P. Ry. Co., 138 Iowa 273, 277, 114 N. W. 536, 538, 128 Am. St. Rep. 195, it is stated:

"It is not often practicable, and still less often advisable, for the trial court in framing its instructions to make specific mention of the items of evidence bearing upon any given issue. The office of an instruction is to state the rule of law applicable and pertinent to the matter to be determined, and not to marshal the evidence, or by special mention to give undue prominence to any particular phase or feature of the fact case made by either party to the controversy. Nor can the court be expected to give express or special warning against every possible mistake or misapprehension into which the jury may fall in the discharge of its functions. Something must be left to the intelligent apprehension and application by the jurors themselves of the general rules stated in the court's instructions. It may, and does occasionally, happen that some unfairness in argument of counsel or some other circumstance out of the ordinary arising in the course of the trial suggests to the court the propriety of guarding against prejudice therefrom to either party by an instruction covering the specific matter thus imported into the case. When and to what extent instruction of this nature shall be given rests very largely in the sound and impartial discretion of the court."

Defendant's answer also alleged that plaintiff was negligent in that neither plaintiff nor Craig did or could keep a reasonable lookout because of the fog, and defendant alleges there was error because the court did not give a specific instruction upon this allegation. So far as this allegation is the pleader's conclusion concerning the fog, what has been said above has application. If it be looked on as an independent allegation that a lookout was not kept, the record discloses that visibility in this fog was not nil, but only impaired. And we find nothing in the record that would warrant a finding that plaintiff and Craig were not in fact keeping a constant lookout, or to controvert the testimony in that respect of the only witnesses who had any personal knowledge. From the circumstances on which defendant relies to controvert this testimony it does not follow that a lookout was not being kept. The result is that there was no evidence warranting the submission to the

jury of the question whether plaintiff and Craig failed in respect to keeping a reasonable lookout.

■■■ As relating to defendant's alleged negligence, the court charged the jury that defendant had a right to assume that Craig, driver of the car in which plaintiff was riding, would obey the law requiring that Craig drive at a careful and prudent speed and not greater than was reasonable and proper in view of the surface and width of the highway and the darkness of his surroundings and the foggy condition then and there existing. Defendant says there was error in that the court did not grant defendant's request that the jury be also instructed that defendant had the right to assume (a) that Craig would not drive at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead, and (b) that Craig would exercise ordinary care to keep a reasonable lookout ahead.

The general rule is that, until he knows otherwise or in the exercise of ordinary care should know otherwise, one using the highway may assume that others also having the use of such highway will obey the law. This court has recognized that there may be a fact situation that results in the assured clear distance statute, Code 1935, §5029, becoming applicable to the question of the speed of one of the drivers of two vehicles approaching each other on the same highway. The applicability is to the one driving on his left side of the road. Thus in Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 208, 243 N. W. 561, 566, plaintiff was driving a sedan, and defendant a truck, as they traveled toward each other. The vehicles collided. There was evidence from which a jury could have found that defendant's truck was traveling on its left side of the highway, and that because of its speed the truck neither could be turned to the right side of the road nor stopped within the assured clear distance ahead. From the opinion:

"In view of the fact that appellant's truck was on the wrong side of the paved highway, if such be a fact, the instruction concerning the stop within the assured clear distance ahead would be applicable. Had appellant's driver stopped the truck before appellee attempted to pass, the collision perhaps never would have occurred. The jury, under the record, might find that appellant's driver, because of the speed, could neither turn

to the right side of the road nor stop the truck within the assured clear distance ahead.''

But to the driver of a car traveling on the right side of the road, as for instance the driver of the sedan in the last cited case, there is not like applicability of this statute. In Jordan v. Schantz, 220 Iowa 1251, 1256, 264 N. W. 259, 261, there was a collision between plaintiff's automobile and defendant's truck. There was evidence that the truck was approaching on its left side of the road. Discussing the applicability of the assured clear distance statute to the plaintiff who was driving on the *right* side of the road the opinion says:

''Coming now to the instant case, it cannot be said that the assured clear distance ahead statute, or any other statute, requires the driver of an automobile to stop the instant there comes into his view another automobile approaching him from the opposite direction. If that were true, automobiles meeting each other would have great difficulty in ever passing. It is the duty of each driver, under such circumstances, to yield one-half the traveled portion of the road, * * * . The plaintiff here had a right to assume that the driver of the defendant's truck would get over on his right-hand side. He was not required to stop until it became apparent to him that the driver was not going to yield one-half of the road, and the obligation to stop then does not arise from the statute, but from the obligation to use ordinary care. The mere fact that a collision occurred in this case does not show, or even tend to show, that the plaintiff was driving at a rate of speed which was unlawful in that such speed did not permit him to stop within the assured clear distance ahead. Our conclusion on this point finds support in the decision of this court in the case of Young v. Jacobsen Bros., 219 Iowa 483, 258 N. W. 104.''

See also Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735. In the instant case one of plaintiff's specifications of negligence was that defendant was traveling on the wrong side of the road and did not yield one-half of the traveled way to the Craig car. There was evidence from which the jury could have found that defendant was negligent in the respect so specified, and that Craig was driving on his right side of the road. If the jury found the facts shown by such evidence, then the requested

instruction, to be used by the jury in considering whether defendant was negligent, did not sufficiently restrict the measure and manner of applicability of the statute to Craig, driving on his right side of the road. None of the qualifications that obtain in the state of facts the jury could have found, as are set out in the above cited cases, were mentioned in the requested instruction. The trial court could well have viewed the requested instruction as one that would be misleading, and unfairly general and inclusive. We are unable to find that the instruction should have been given.

With reference to the requested instruction that defendant had the right to assume that Craig would exercise ordinary care to keep a reasonable lookout ahead as bearing on the question of defendant's negligence, as already indicated there was no evidence warranting submission of such matters to the jury. The evidence shows, without anything that may be said to be contra, that a reasonable lookout was maintained by both Craig and plaintiff at the time of and prior to the accident.

Defendant moved for a directed verdict on the grounds that the evidence established, as a matter of law, contributory negligence on the part of plaintiff and acquiescence in and assumption of risk. The motion was overruled and thereof defendant complains. The burden of defendant's argument is that the atmospheric conditions were such that traveling upon the highway was negligence per se and amounted to an assumption of the risk. We are satisfied these were questions for the jury. There was vision although the fog interfered therewith. Similar facts were considered in Caudle v. Zenor, 217 Iowa 77, 251 N. W. 69, and following the holding in that case we conclude the motion was properly overruled.

We have examined the various assignments and find no error. It follows that the judgment of the trial court is affirmed.—Affirmed.

STIGER, C. J., and SAGER, KINTZINGER, HAMILTON, DONEGAN, MILLER, MITCHELL, and ANDERSON, JJ., concur.