## DANFORD v. WINTER.

No. 14325.

United States Court of Appeals
Eighth Circuit.

Dec. 12, 1951.

Rehearing Denied Jan. 10, 1952.

Wilmot F. Warner and Dan H. McNeal, Moline, Ill. (Wood, McNeal & Warner, Moline, Ill., on the brief), for appellant.

Walter A. Newport, Jr., Davenport, Iowa (Wayne G. Cook and Newport, Bybee & Wine, Davenport, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant as plaintiff to cancel two promissory notes, one for $3,000, and one for $25,000, executed by him and held by appellee, and to procure a return of a certificate for 2500 shares of stock in the Aledo Oil and Gas Company, pledged as collateral to the $25,000 note. Plaintiff alleged that the notes were given for certain oil and gas lease interests sold to him in Illinois by one E. A. Ottman, in violation of the Blue Sky Laws of that state and that the execution of the $25,000 note was induced by fraudulent representations made by Ottman and the appellee and that there was a failure of consideration for the $3,000 note.

The parties will be referred to as they were designated in the trial court.

The answer denied fraud or any knowledge of unfair dealings or any knowledge that certificates for the gas lease interests were sold to plaintiff in violation of the Blue Sky Laws of Illinois. The answer also contained counterclaims seeking to recover on the promissory notes, it being alleged that the defendant was the holder thereof for value in due course without notice of any defenses.

The case was tried to the court and resulted in findings in favor of the defendant on all issues except the issue involving his failure to comply with the Blue Sky Laws of Illinois. The court held, however, that defendant was a purchaser and holder of the notes in due course for value and without notice of any defenses; that defendant was guilty of no fraud nor misrepresentations and there had been no proof that E. A. Ottman, the person who sold the gas lease interests to plaintiff, was guilty of any fraud or material misrepresentations.

Plaintiff became acquainted with defendant in 1945 through a mining venture in which each had an interest. In January, 1949, they went to New Mexico and on that trip discussed interests in overriding gas lease interests in which plaintiff was then interested. Later E. A. Ottman sold defendant an overriding royalty interest in a Colorado property for which defendant paid in cash. Mr. Ottman later inquired of a number of residents of Wilton Junction,

Iowa, where defendant resided, if anyone knew of a person who might be interested in overriding royalties. Defendant, having in mind his conversation with the plaintiff, gave Ottman plaintiff's name and later, at Ottman's solicitation, went with him to Aledo, Illinois, to meet plaintiff. Defendant is the owner and operator of a general store at Wilton Junction, Iowa, while plaintiff is a chiropractor, practicing his profession at Aledo, Illinois. There were no confidential relations between the parties and they dealt at arm's length. Defendant, on solicitation, agreed to buy plaintiff's notes.

The testimony with reference to the transactions between plaintiff and Ottman and between plaintiff and defendant culminating in the execution of these notes and the pledge of the collateral security is in conflict but in our view of the record we think the charges with reference to fraud on behalf of the defendant or on behalf of Ottman have little bearing on the controlling issues in this case. The court specifically found that defendant had made no misrepresentations and that he was guilty of no fraud. The court also found, as has been observed, that there was not sufficient proof to warrant a finding that any representations made by Ottman were untrue.

The case has been presented on behalf of the plaintiff on the erroneous theory that it was triable de novo in this court.

Under Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., it is provided that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." There was a conflict in the testimony and the court resolved that conflict in favor of the defendant. We have carefully examined and considered all the testimony and think the findings are sustained by substantial evidence. Certainly we can not say that they are clearly erroneous. Kincade v. Mikles, 8 Cir., 144 F.2d 784; Comstock v. Group of Investors, etc., 8 Cir., 163 F.2d 350.

We pretermit a discussion of the evidence on the question of fraud and misrepresenta-tion because it seems to us to be unnecessary.

There were two defenses interposed to defendant's counterclaims on these notes. One was that they were given for securities not registered with the Secretary of State of the State of Illinois, in violation of Illinois Revised Statutes, 1949, Chapter 121½. The other was that their execution was induced by fraudulent misrepresentations of one E. A. Ottman and the defendant. Assuming that either or both of these allegations had been sustained by substantial evidence, still defendant might recover on his notes if he were the holder of them in due course without notice of any defenses, and the court held that it was incumbent upon defendant to make such proof in order to entitle him to recover because the securities for which the notes were given were sold to plaintiff in violation of the Blue Sky Laws of Illinois. If the defendant made such proof it would entitle him to recover even though the execution of the notes had been induced by the fraud of Ottman. The Uniform Negotiable Instrument Act has been adopted and is the law of both Illinois and Iowa. Section 541.57, Iowa Code, 1946, I.C.A. By Section 541.56, Iowa Code, 1946, I.C.A. it is provided that: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

We therefore turn our attention to the issue as to whether or not the court's finding that defendant was a purchaser of these notes in due course for value, was sustained by substantial evidence. It appears without dispute that defendant paid in cash $25,000 for the $25,000 note, and that he paid $2,500 for the $3,000 note. These considerations were certainly substantial even though slightly less than the face value of the $3,000 note was paid. This was strong evidence of good faith. Sully v. Goldsmith, 32 Iowa 397; Lay v. Wissman, 36 Iowa 305; Conover v. Hasselman, 199 Iowa 661, 202 N.W. 502. The court found, and the evidence warranted it in so finding, that de-

fendant was not the solicitor, broker or agent of Ottman, and neither was Ottman representing the defendant in either of these transactions. There was no evidence indicating that the defendant was associated with Ottman or had any interests in common with him. Witnesses who purchased from Ottman testified that they had never met nor known defendant. Not only was there no evidence indicating that defendant had knowledge of any alleged misrepresentations made by Ottman but there is nothing in the evidence to indicate that defendant was charged with notice that these securities for which the notes were given had been sold in violation of the Blue Sky Laws of Illinois. In the absence of any evidence, direct or circumstantial, to the contrary defendant would be warranted in assuming that Ottman had good title to the notes. We conclude that the court's finding on this issue that "defendant took each note in good faith without notice of any defect in the titles thereto and gave a good, valuable and adequate consideration for each," is sustained by abundant evidence.

The judgment appealed from is therefore affirmed.