CHARLES P. LENNOX, Respondent, *v.* DOUGLAS E. LENNOX and Others, Defendants.

SAMUEL J. MASHKOWITZ, Purchaser, Appellant.

Second Department, June 24, 1921.

**Partition — failure to secure order designating person on whom service of summons should be made for infant defendant — order procured after sale with consent of purchaser — approval of sale by referee on rehearing — defect cured — new interlocutory judgment and sale not required — purchaser not entitled to return of deposit.**

Defect in an action for partition arising from the failure to procure an order designating a person on whom the summons might be served in behalf of an infant defendant is cured where, after the sale of the property, with the consent of the purchaser and due notice to all the parties, an order is procured making the proper designation and the summons is served on the designated party who is subsequently appointed guardian *ad litem* and on a rehearing before the referee the guardian testifies that it is for the best interests of the infant that the sale be confirmed and the court thereafter makes an order confirming the sale.

It was not necessary, under the circumstances of this case, for the court to enter a new interlocutory judgment and direct a new sale.

A good and marketable title passed under the sale after said defect was cured, and the purchaser was not entitled to have his deposit on the purchase price returned to him.

APPEAL by Samuel J. Mashkowitz from an order of the County Court of Queens county, entered in the office of the clerk of the county of Queens on the 14th day of December, 1920, denying appellant's motion to compel the plaintiff and the referee herein to pay and return to him $960 heretofore paid by him as a deposit on the purchase of certain real property sold in the above-entitled action, and also from an order entered in said clerk's office on the 27th day of April, 1921, directing the appellant to pay over the remainder of the purchase price upon receiving from the referee a deed to the premises described in the complaint and final judgment herein, duly executed in statutory form.

*Morris Meyers* [*Albert J. Rifkind* with him on the brief], for the appellant.

*Howard T. Hewlett,* for the respondent.

MILLS, J.:

This is an appeal by a purchaser at a partition sale of certain real estate situated in the borough of Queens, from two certain orders made by the County Court of Queens county, the one on December 14, 1920, which denied the motion of said purchaser for the return to him of the deposit of ten per cent made by him upon said purchase at the time of the sale and for other relief, and the other made April 25, 1921, which granted the plaintiff's motion to compel the purchaser to complete his said purchase.

The facts being undisputed are the following: The action is the ordinary one for the partition of real property. Interlocutory judgment of partition and sale was made July 17, 1920. After due advertisement the referee, on September 4, 1920, sold the premises at public sale to the appellant, who then, according to the terms of the sale, paid down ten per cent of the purchase price, amounting to $960. He employed the Title Guarantee and Trust Company to search the title, and they rejected it upon the ground that an infant defendant under the age of fourteen years, who had a small interest in the property, had not been properly served with a summons, in that no order had been made designating a person upon whom service of the summons should be made in her behalf, as required by section 426 of the Code of Civil Procedure. This objection being made in behalf of the appellant, the plaintiff's attorneys proceeded forthwith to correct that defect by having such order then made, and service of the summons in behalf of that defendant made upon the person designated in that order. Thereafter, upon due application, that person was, by order duly made, appointed guardian *ad litem* over said infant defendant; and he duly qualified as such and interposed the usual infant's answer submitting her rights to the protection of the court. Thereafter the court made an order referring the matter back to the referee who, upon due notice to all parties, held a further hearing at which the guardian testified that he had fully examined the proceedings and the entire matter, and was convinced that the best interests of the infant required that the said sale should stand and be consummated. The referee reported to that effect, and the

court thereafter, on December 7, 1920, upon due notice to all parties, made an order accordingly confirming the sale. The Title Guarantee and Trust Company thereupon signified its willingness to pass the title as thus corrected. Apparently at first the appellant's attorneys were disposed to accept the title and complete the purchase as indicated by their letter of December 11, 1920. Later, perhaps from abundant caution, they took the opposite view, and the orders appealed from resulted.

The appellant's contention here is that the interlocutory judgment when entered and the sale when made were ineffective as to that infant defendant, and that the court could not subsequently make them effective, but could proceed only by entering a new interlocutory judgment under which a new sale could be had. The contrary to this appears to have been expressly held by our former General Term in *Rice* v. *Barrett* (35 Hun, 366). While that decision was reversed by the Court of Appeals (99 N. Y. 403), the reversal was solely upon the ground that there had been a long delay in taking the proceedings to cure the defect, and that those proceedings had not been taken, as evidently they were here, with the acquiescence of the purchaser. Here it is plain that the plaintiff proceeded at once to cure the defect. The cases cited by the learned counsel for the appellant rest upon the naked proposition that the failure to comply with the said requirement of section 426 prevented the court from having jurisdiction over the infant defendant. Neither of them dealt with the effect of any such attempt to cure the defect.

I advise, therefore, that the orders appealed from be each affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., RICH, KELLY and MANNING, JJ., concur.

Orders of the County Court of Queens county affirmed, with ten dollars costs and disbursements.