RUPERT JOHNSTON, Appellee, v. KENNETH CALVIN, Appellant.

No. 46036.

532

October 20, 1942.

Healey & Reynolds, of Creston, for appellant.

Frank F. Wilson, of Mt. Ayr, and Thos. E. Mullin, of Creston, for appellee.

GARFIELD, J.—The collision occurred about 2 a. m. on January 1, 1941, on U. S. Highway 34, five miles east of Creston. Plaintiff, who was driving, his wife, and a Mr. and Mrs. Denhart were returning from a dance in Creston to their home in Mt. Ayr. Plaintiff's Chevrolet was traveling east. Defendant, with a girl friend and another young couple, was driving his Ford car west toward Creston. They were returning from "Locust Inn." The left fronts of the two cars collided. From the force of the collision, plaintiff's car left the paved surface, which was 18 feet wide, turned around and came to rest facing northwest, backed against the fence on the south side of the highway. Defendant's Ford came to rest facing westerly, its front wheels on or somewhat south of the center line of the roadway.

Plaintiff suffered severe and permanent personal injuries, aside from damage to his car, for all of which he seeks recovery. Defendant filed a counterclaim asking recovery for his own personal injuries and damage to his car. Each party claims the collision occurred on his right side of the center of the highway because of the other's failure to yield one half the traveled way by turning to the right when the two cars met, as required by section 5024.02, Code, 1939. The jury returned a verdict for plaintiff for $3,500. From the judgment entered thereon defendant has appealed.

I. Appellant contends that appellee was guilty of contributory negligence as a matter of law because, it is said, by not stopping his car, he violated that part of section 5023.01, Code, 1939, which provides that no person shall drive any vehicle "at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

Appellee testified that he first saw appellant's car coming around a curve when it was distant 300 to 400 feet; that he discovered it was south of the center line when the two cars were about 150 to 200 feet apart; that he did not stop because he thought surely appellant would pull over to the north of the center line; that he, appellee, slowed down and pulled off on the south shoulder so that his two right wheels were a foot south of the paved roadway when the collision occurred. Testimony

for appellee was that he was traveling 35 to 40 miles per hour before he discovered appellant approaching on the wrong side; that appellee then took his foot off the accelerator and slowed down to 25 or 30 miles per hour before the collision; that appellant's car was traveling 40 to 45 miles per hour when it collided with appellee.

Appellant and the only occupant of his car who testified on the subject said they first saw appellee's car when it was about 350 feet ahead of them; that it straddled the center line until the time of collision; that they were traveling 25 to 30 miles per hour and appellee 45 to 50. The argument for appellant is that since appellee, according to his version, saw appellant's car approaching on the south of the center of the highway, it became appellee's duty, as a matter of law, to stop his car. The contention cannot be sustained.

This court has held that the assured-clear-distance requirement applies under certain circumstances to vehicles approaching from opposite directions. See Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 208, 243 N. W. 561. The assured-clear-distance rule has usually been applied, however, where the vehicles are moving in the same direction or where a motorist collides with a stationary object. McWilliams v. Beck, 220 Iowa 906, 913, 262 N. W. 781. The statute, section 5023.01, has more limited application to a collision between oncoming vehicles, where each driver has a right to assume, until he knows or in the exercise of ordinary care should have known otherwise, that the other will yield to him his half of the roadway. Gregory v. Suhr, 224 Iowa 954, 959, 277 N. W. 721; Jordan v. Schantz, 220 Iowa 1251, 1256, 264 N. W. 259; Young v. Jacobsen Bros., 219 Iowa 483, 486, 258 N. W. 104. See, also, Schuster v. Gillispie, 217 Iowa 386, 388, 251 N. W. 735; Remer v. Takin Bros., 227 Iowa 903, 909, 289 N. W. 477; Anderson v. Kist, 229 Iowa 462, 294 N. W. 726; Angell v. Hutchcroft, 231 Iowa 1057, 1061, 3 N. W. 2d 147, 149.

The cited decisions are controlling here. Cases cited by appellant, in which a motorist collided with a stationary object while driving at a speed greater than permitted him to stop within the range of his vision, are clearly distinguishable. Ap-

pellee had a right to assume that appellant would yield to him the south half of the roadway. There was nothing to prevent appellant from so doing. Appellant was required by statute to have his car to his right of the center line when, and only when, meeting another traveler going in the opposite direction. Stopping appellee's car would not have changed the course taken by appellant and there is no assurance that the collision would thereby have been avoided. See cases cited above, especially Young v. Jacobsen Bros., and Jordan v. Schantz.

■ II. It is next claimed that appellee's counsel purposely injected into the trial the matter of liability insurance. One Benedict was a witness for appellant. His testimony was not entirely consistent. When questioned by appellant's counsel he testified he was wholly disinterested and was present in response to a subpoena. On recross-examination appellee's counsel asked the witness, over appellant's objection that it was immaterial, if he had ever talked to anyone about the case. The witness answered, ''Well, there was one of the insurance men out to see me one night.'' Appellant's counsel immediately moved to strike the answer. The court sustained the motion and instructed the jury not to consider the answer. Thereupon, appellant moved for a mistrial, which the court denied. Appellee's counsel insisted the answer came as a surprise and the trial court was of the opinion there was no improper motive on their part.

This assignment of error cannot be sustained. The witness was appellant's. The reference to insurance was indefinite. It does not appear that the question was not asked in good faith. Under a similar record this court held there was no error in Albert v. Maher Bros. Trans. Co., 215 Iowa 197, 214, 243 N. W. 561. See, also, Remer v. Takin Bros., 230 Iowa 290, 295, 297 N. W. 297, and citations; Pierce v. Dencker, 229 Iowa 479, 484, 294 N. W. 781.

■ III. About 5 p. m. on January 2d, 39 hours after the collision, the deputy sheriff, when visiting the scene thereof in company with appellant's attorneys, found an empty quart whisky bottle in a pasture about 30 steps from where appellee's car had come to rest. Upon appellee's objection, the trial court refused to receive the bottle in evidence and would not permit testimony regarding its discovery. The court held the offered

evidence was too remote to be of probative value, especially since no claim of intoxication was raised by the pleadings. The ruling is assigned as error.

Appellant, as a witness, had testified that he opened the door to appellee's car soon after the collision and saw on the floor of the back seat a quart bottle that "looked like a whisky bottle" and that he smelled the odor of whisky. The occupants of appellee's car denied there was any liquor in the car and said none of them had been drinking intoxicants that night. Appellant and his witness Benedict assisted in carrying appellee to the car which took him to the hospital, and neither of them testified that he smelled liquor on appellee or that there were other signs of intoxication. No witness gave any testimony tending to show that appellee had been drinking or that anyone was seen attempting to throw a bottle out of the car.

The trial court had discretion in deciding whether the offered testimony was admissible. . 31 C. J. S. 871, section 161. Appellant concedes this but says the ruling shows an abuse thereof. We are unable to agree with appellant. It is well known that there are frequently many liquor bottles along widely traveled highways such as U. S. 34, especially within a short distance from a roadside tavern on January 2d. The offered evidence, in our opinion, would not give rise to more than a mere suspicion. This is insufficient. 31 C. J. S. 872, section 161. As having some bearing, see Richardson v. Sioux City, 172 Iowa 260, 262, 263, 154 N. W. 430, Ann. Cas. 1918A, 618.

IV. In appellee's petition it was alleged that the collision was caused by the negligence of appellant in three respects. First, failure to yield one half the traveled way by turning to the right when the cars met. Second, driving at a speed greater than would permit appellant to stop within the assured clear distance ahead and failure to stop within such distance. Third, failure to keep a proper lookout and driving at excessive speed. Appellant's counterclaim pleaded the same charges of negligence against appellee in practically identical language. At the close of the evidence, appellant moved to withdraw the second and third charges of negligence from the petition because

without support in the evidence. The motion was sustained. Upon appellee's motion, the court then withdrew the second and third specifications of negligence from the counterclaim. Appellant asserts error in this last ruling. The principal complaint is that the court should have submitted to the jury the second charge of negligence in the counterclaim alleging that appellee violated the assured-clear-distance rule.

As heretofore appears, the testimony for appellee regarding the operation of appellant's car is essentially similar to the testimony for appellant as to the operation of appellee's car immediately before the collision. Each driver claims to have first seen the other car at substantially the same time. Each says he saw the other approaching at least partly on the wrong side of the center line. In moving to strike the second charge of negligence from the petition, appellant contended that the issue there raised was not properly in the case. Under the record here, it seems somewhat inconsistent to claim that a like issue raised by the counterclaim should have been submitted to the jury.

Regardless of the above, however, there was no error in the ruling. Division I sufficiently states our view that the assured-clear-distance requirement is not applicable to the situation presented here, but the case is ruled by Jordan v. Schantz, 220 Iowa 1251, 264 N. W. 259, and similar decisions. In Remer v. Takin Bros., 227 Iowa 903, 909, 289 N. W. 477, 480, Jordan v. Schantz is explained by saying:

"There was no occasion to apply section 5029 [now section 5023.01] to the facts shown by the record in that case, and we so held."

█ V. The next assigned error arises because of the minority of appellant. The suit was brought against appellant in his own name. Appellant's attorneys appeared for him and filed answer and counterclaim also in his own name. The automobile was licensed in his name. During the trial, in October 1941, appellant testified that he was born November 21, 1921, and had driven a car about six years. Apparently neither the trial court nor appellee's counsel caught the significance of this testimony and did not appreciate that appellant was still a minor. At least the trial court so stated in ruling on appellant's

motion for new trial. Appellant's motion to direct alleged "that no judgment could be rendered against the defendant under the evidence," but assigned no reason.

Appellant's motions for new trial and in arrest of judgment raised for the first time the question that appellant was a minor and was not defended by a regular guardian or one appointed to defend him. Evidence was offered at the hearing on these motions. Appellant testified that he told his attorneys his age before the counterclaim was filed in his name. It was also brought out that a liability-insurance policy then in force had been issued to appellant under which the insurer agreed to defend in appellant's name any suit against him such as this. During this hearing appellee's counsel asked the court to appoint a guardian ad litem for appellant. The court thereupon appointed one of the firm of attorneys who had appeared for appellant and apparently had taken the laboring oar throughout. This attorney stated that he did not care to serve as guardian ad litem. The court then declined to accept the attorney's refusal to act and stated that the "appointment still stands." The attorney, in response to a question by the court, announced that he did not care to file any further pleadings. The court then ordered that the pleadings previously filed for appellant were adopted by the guardian ad litem. Appellant's motions for new trial and in arrest of judgment were subsequently overruled, and judgment was entered by the court upon the verdict.

■ It appears, however, that following the return of the verdict and the grant to appellant of 30 days' time within which to move for new trial and in arrest of judgment, the clerk, on the same day, purporting to act pursuant to Code section 11575, entered judgment on the verdict. The court held, in effect, in ruling on the motion for new trial, that the clerk's entry, as well as the verdict, was subject to review until the motions were disposed of and that the clerk's entry should be set aside.

Appellant's claim to a reversal is based upon Code section 10997 providing that the defense of a minor must be by his regular guardian or one appointed to defend for him, and that, "No judgment can be rendered against a minor until after a defense by a guardian."

While we recognize that the rights of those under legal dis-

ability should be carefully protected, we hold that appellant is not entitled to a new trial because of this claimed error. Conceding it was irregular not to have sooner appointed a guardian ad litem, there was such an appointment before the court had approved the verdict by overruling appellant's motions and entering its final judgment. As we have frequently pointed out, the statute does not require the appointment of a guardian ad litem prior to the trial, although this should always be done when the minority of a defendant is then known.

It would seem that the court had full power during the same term to set aside the entry made by the clerk if that were necessary. Code section 10801; Hallam v. Finch, 197 Iowa 224, 226, 195 N. W. 352; Miller v. Bryson, 171 Iowa 354, 361, 152 N. W. 568; Todhunter v. DeGraff, 164 Iowa 567, 574, 146 N. W. 66; Smith v. Willcockson, 143 Iowa 449, 121 N. W. 1054. As having some bearing, see Rance v. Gaddis, 226 Iowa 531, 550, 284 N. W. 468. In any event, the verdict was still subject to review by the court until appellant's motions for new trial, etc. were ruled upon. Bevering v. Smith, 121 Iowa 607, 609, 96 N. W. 1110. The only judgment from which this appeal was taken is the final judgment entered by the court.

The attorney appointed guardian ad litem, together with his law partner, had made a careful and vigorous defense for the minor prior to his appointment. They tried the case "for all it was worth." Their employment commenced not later than the day after the collision. No claim of any prejudice is made because a guardian ad litem was not sooner appointed.

We have frequently held that delay in the appointment of a guardian ad litem, where there is no showing of prejudice resulting therefrom, neither deprives the court of jurisdiction nor constitutes reversible error. Brien v. Davidson, 225 Iowa 595, 605, 281 N. W. 150, and cases cited; Jones v. Clyman, 193 Iowa 1248, 1254, 188 N. W. 954, and cases cited. In the Jones case a guardian ad litem was not appointed until after the court had announced its decision but before judgment was entered. In Wickersham v. Timmons, 49 Iowa 267, frequently cited with approval, an attorney who had appeared for a minor defendant was not appointed guardian ad litem till after the plaintiff had

rested his case and then objected to proceeding with the trial and did so only under protest.

In 31 C. J. 1124, section 269, it is said:

"However, since the defect of want of a guardian ad litem for an infant defendant is a mere irregularity not affecting the jurisdiction of the court, it has been held that, where an infant defendant has had his interest in the litigation properly protected, he cannot after verdict * * * raise the objection so as to defeat the entry of judgment * * *; and this rule has been applied where the infant was represented by * * * attorney."

Here, appellant's counsel generously conceded in argument their client had the appearance of an adult. Doubtless the fact that the counterclaim was filed in appellant's own name rather than by his next friend (see Code section 10995) tended to induce the belief that he was an adult. These matters are mentioned only as bearing upon the good faith and care exercised by appellee's counsel and not because they would excuse violation of the statute.

Daggy v. Miller, 180 Iowa 1146, 1155, 162 N. W. 854, upon which appellant relies, is readily distinguishable. There it clearly appeared during the trial that a defendant was but 17 years old, and there was no attempt of any kind to have a guardian ad litem appointed for him at any time.

VI. Appellant makes two other assignments of error. They are without merit and are sufficiently disposed of by what we have already said.

VII. Appellee moved to dismiss this appeal because taken and prosecuted in the name of the minor rather than by his guardian ad litem. It is apparent from our consideration of the appeal on its merits that we have concluded to overrule the motion. An appeal for a minor defendant ordinarily should be taken in the name of his guardian or guardian ad litem. 31 C. J. 1176, section 372½. However, the fact that the appeal was taken in appellant's name does not deprive this court of jurisdiction and we have a right to entertain the appeal. First Nat. Bk. v. Casey, 158 Iowa 349, 351, 352, 138 N. W. 897.

The judgment is—Affirmed.

WENNERSTRUM, C. J., and OLIVER, STIGER, SAGER, BLISS, HALE, and MILLER, JJ., concur.