**STEWART v. FERER.**

No. 3468.

Circuit Court of Appeals, Tenth Circuit.

July 28, 1947.

B. H. Carey and John Cantrell, both of Oklahoma City, Okl. (Cantrell, Carey &

McCloud, of Oklahoma City, Okl., on the brief), for appellant.

Clayton B. Pierce, of Tulsa, Okl. (Truman B. Rucker, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This action was instituted in the district court of Cleveland County, Oklahoma, by J. W. Stewart against Harvey Dean Ferer for the recovery of damages for personal injuries suffered by plaintiff as the result of being struck by an automobile driven by defendant. Plaintiff was a citizen of Oklahoma, and defendant was a citizen of Nebraska. Service of process was had upon the defendant in Oklahoma, and seasonably thereafter he filed a petition and bond in conventional form for the removal of the action to the United States Court on the ground of diversity of citizenship and the requisite amount involved. The state court entered an order of removal; defendant answered; plaintiff filed a motion to remand the cause to the state court for the reason that the defendant was a minor and in the absence of a guardian ad litem was without power or authority to cause the action to be removed; the motion to remand was denied; the attorney who had signed the petition for removal as attorney for the defendant was appointed guardian ad litem; the cause was tried to a jury; a verdict was returned for the defendant; judgment was entered accordingly; and plaintiff appealed. For convenience, reference will be made to the parties as they were denominated in the trial court.

The question presented for determination is whether the denial of the motion to remand the cause constituted error which requires reversal of the judgment. It is the contention of plaintiff that the filing of a petition and bond for the removal of a cause from the state court to the United States Court on the ground of diversity of citizenship with the requisite amount involved is part of the defense of the action; that the local law of the state fixing the status of a minor and prescribing the manner in which he may proceed or defend in litigation governs; that under the law of Oklahoma a minor defendant is without power to act or proceed defensively in an action of this kind, except by a guardian ad litem appointed for that purpose; and that since no guardian ad litem had been appointed at the time of the filing of the petition and bond for removal, the motion to remand should have been sustained. Section 228, Title 12, Oklahoma Statutes 1941, provides that the defense of an infant must be by a guardian for the suit; and section 27, Title 15, provides that a minor may enforce his rights by civil action or other legal proceedings in the same manner as a person of full age, except that a guardian must be appointed to conduct the action or proceeding. Under the provisions of these statutes, and perhaps others as well, it is the duty of the court to appoint a guardian ad litem for a minor defendant in an action pending in the state court. Sealey v. Smith, 81 Okl. 97, 197 P. 490. And in addition to complying with the statutory exactions having application, a court will guard with sedulous care and continued protection the rights of a minor in an action brought against him. In re Sanders' Estate, 67 Okl. 3, 168 P. 197; Tanner v. Schultz, 97 Okl. 132, 223 P. 174.

But it is the general rule that delay in the appointment of a guardian ad litem is a mere irregularity, and that the irregularity is cured if the appointment is made in time adequately to protect the interest of the minor so that no injustice results. Foley v. California Horseshoe Co., 115 Cal. 184, 47 P. 42, 56 Am.St.Rep. 87; Earl v. Cotton, 78 Kan. 405, 96 P. 348; Missouri Pacific Railway Co. v McCarty, 97 Mo. 214, 11 S.W. 52; Galbraith v. Pennington, 184 Mo.App. 618, 170 S.W. 668; Graden v. Patrick, Mo.App., 162 S.W.2d 287; Hamilton v. Moore, 335 Pa. 433, 6 A. 2d 787; Webster v. Page, 54 Iowa 461, 6 N.W. 716; Johnston v. Calvin, 232 Iowa 531, 5 N.W.2d 840. Moreover, it is the settled law in Oklahoma that where the court has jurisdiction of the subject matter, and service of process is had upon a minor defendant, the judgment or decree rendered against the minor without the appointment of a guardian ad litem having been made is

not absolutely void. A judgment or decree of that kind may be erroneous, and subject to be reversed and set aside; but at most it is only voidable, not absolutely void. Hill v. Reed, 23 Okl. 616, 103 P. 855; Baldridge v. Smith, 76 Okl. 36, 184 P. 153; Slemp v. City of Tulsa, 139 Okl. 76, 281 P. 280; Johnston v. Guy, 165 Okl. 156, 25 P.2d 625; Stephenson v. Stephenson, 196 Okl. 623, 167 P.2d 63; Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405. And in like manner, where the court has jurisdiction of the subject matter and of the parties, a judgment or decree in favor of a minor is not absolutely void because of failure to appoint a guardian ad litem for him. Langston v. Bassette, 104 Va. 47, 51 S.E. 218; Cf. Foley v. California Horseshoe Co., supra.

Section 24 of the Judicial Code, 28 U.S.C.A. § 41, vests the district courts of the United States with original jurisdiction of actions of the kinds and classes therein enumerated, including actions between citizens of different states where the amount in controversy exceeds the sum or value of $3,000 exclusive of interest and costs. Section 28, Jud.Code, 28 U.S.C.A. § 71, provides in effect that the defendant in any action of which the district courts of the United States are given original jurisdiction may remove the action into the district courts of the United States for the proper district. And section 29, Jud.Code, 28 U.S. C.A. § 72, provides in presently material part that such a cause shall be removed by the party entitled to remove seasonably filing and presenting to the state court a petition and bond. The right of removal is conferred in every case falling within the jurisdiction of the United States Court, whether the defendant seeking removal is an adult or an infant. There is nothing in the language of the statutes or in their background which indicates remotely a Congressional purpose to limit the right to defendants who are adults and to exclude those who are minors.

A sovereign state has jurisdiction to determine the civil status and capacities of its inhabitants and to prescribe the conditions on which judicial proceedings affecting them may be commenced and carried on within its territory. But the judicial power of the United States is created by the Constitution and provided by Congress pursuant to its constitutional authority. The exertion of that power may not be abridged, limited, or rendered inefficacious by action of the several states. And within the sweep of that power lies the right, unfettered and unburdened by state action, to seek removal from a state court to a United States court of a cause which is determinable by the courts of the United States. Railway Co. v. Whitton's Adm'r, 13 Wall. 270, 80 U.S. 270, 20 L.Ed. 571; Harrison v. St. Louis & San Francisco Railroad Co., 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621, L.R.A.1915F 1187; Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A.L.R. 186.

A petition and bond for removal are in the nature of process to transfer a case from the state court to the United States Court and to bring the parties before the United States Court. Kinney v. Columbia Savings & Loan Association, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; Mackey v. Uinta Development Co., 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138; Arizona & New Mexico Railway Co. v. Clark, 235 U.S. 669, 35 S.Ct. 210, 59 L.Ed. 415, L.R.A.1915C, 834. Being process designed to perform that function, the petition and bond for removal of this case were not defensive to the action within the scope and meaning of the statutes of Oklahoma, supra.

Complete diversity of citizenship was present in this case and more than $3,000 was in controversy, exclusive of interest and costs. The cause was one within the jurisdiction of the United States Court under section 24, supra. Removal on the petition and bond of the minor defendant prior to the appointment of a guardian ad litem was merely an irregularity in the proceedings in the nature of process to transfer the cause to the United States Court and to bring the parties before that court; and that irregularity did not deprive the United States Court of jurisdiction of the cause or the parties. Plaintiff did not suffer any substantial prejudice as the result of the removal in that manner, and therefore the denial of the motion to remand was not an

error calling for reversal of the judgment. In reaching this conclusion, we are not unmindful of the early case of Woolridge v. McKenna, C.C., 8 F. 650, on which plaintiff places strong reliance. But that case was decisively different. There process had not been served upon the minor defendant at the time of the removal of the action. The state court did not have jurisdiction of the person of the minor; and she lacked capacity to enter a voluntary appearance in the case and in that manner subject herself to the jurisdiction of the court. Without the state court having obtained jurisdiction of the person of the minor, her father and next friend filed on her behalf the petition and bond for removal. Laying emphasis upon the absence of jurisdiction of the state court over the person of the minor, it·was held that the action could not be effectively removed upon the petition and bond for removal voluntarily filed by her father and next friend. Here process had been served upon the minor defendant and the state court had jurisdiction of his person at the time of the filing of the petition and bond for removal.

The judgment is affirmed.

PHILLIPS, Circuit Judge (concurring).

This action was instituted on December 28, 1945. On December 29, 1945, counsel for Stewart mailed a letter to Clayton B. Pierce, counsel for Ferer, in which he stated that Ferer was a minor, 19 years of age; that, under the Oklahoma statutes, a guardian ad litem should be appointed for Ferer, and that application for the appointment of a guardian ad litem might be made within 20 days after the return of the summons. The summons was returned January 5, 1946. The answer day was January 26, 1946. On January 25, 1946, Ferer, through his counsel, filed a petition and bond for removal. On January 29, 1946, the judge of the state court entered an order granting removal. On February 23, 1946, Ferer filed an answer. Stewart filed a motion to remand on the ground that the action could not be removed until a guardian ad litem had been appointed. On May 2, 1946, the trial court entered an order overruling the motion to remand. On May 31, 1946, Ferer filed an application for the appointment of a guardian ad litem. On June 3, 1946, the court appointed Pierce as guardian ad litem.

The failure to appoint a guardian ad litem does not deprive the court of jurisdiction. It is a mere irregularity which, under certain circumstances, renders the judgment voidable.[1] The removal proceedings, at most, were irregular and the irregularity was cured when the guardian ad litem did not move to remand after his appointment.

Delay in the appointment of a guardian ad litem is a mere irregularity, and such irregularity is cured if the appointment is made in time to protect the minor's interests so that no prejudice results to the minor.[2]

In Stephenson v. Stephenson, 196 Okl. 623, 167 P.2d 63, the court held that, in a divorce proceeding in which no guardian ad litem had been appointed, the defendant, who was a minor, could not, on appeal, have the judgment vacated without a showing of injustice.

Here, it seems clear to me that, if the judgment had been adverse to Ferer, he could not have challenged it on the ground of the delay in the appointment of the guardian ad litem for the reason that he suffered no prejudice because of such delay. It follows that Stewart was in nowise prejudiced by the delay in the appointment of the guardian ad litem and such delay affords no ground for reversal of the judgment.

[1] Slemp v. City of Tulsa, 139 Okl. 76, 281 P. 280, 282; Baldridge v. Smith, 76 Okl. 36, 184 P. 153, 156; Walkenhorst v. Lewis, 24 Kan. 420, 427; Stephenson v. Stephenson, 196 Okl. 623, 167 P.2d 63, 65.

[2] See Johnston v. Calvin, 232 Iowa 531, 5 N.W.2d 840, 844; Graden v. Patrick, Mo.App., 162 S.W.2d 287, 289; Missouri Pacific Ry. Co. v. McCarty, 97 Mo. 214, 11 S.W. 52, 53; Lennox v. Lennox, 197 App.Div. 368, 369, 370, 189 N.Y.S. 718, 719; Hamilton v. Moore, 335 Pa. 433, 6 A.2d 787, 789; Trolinger v. Cluff, 56 Idaho 570, 57 P.2d 332, 336. See, also, Sams v. Covington Buggy Co., 10 Ga.App. 191, 73 S.E. 18, 19; Earl v. Cotton, 78 Kan. 405, 96 P. 348.