**STATE of Iowa, Appellee,**

v.

**Kenneth Edmond GORDON, Appellant.**

**No. 83–1094.**

Supreme Court of Iowa.

Sept. 19, 1984.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and John P. Messina, Asst. Atty. Gen., Des Moines, and Rebecca L. Claypool, Asst. Atty. Gen., West Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Defendant Kenneth Edmond Gordon appeals his conviction for first-degree murder in violation of Iowa Code sections 707.1 and 707.2(1) (1981). In the sole issue raised, he contends the trial court erred in excluding his proffered evidence that drugs and drug paraphernalia had been found in the victim's apartment after the victim had been killed in defendant's apartment several miles away. The trial court sustained the State's relevancy objection to that evidence. We affirm.

I. *The background facts.* On November 18, 1982, Gordon killed the victim, David Decker, in Gordon's Mason City apartment by beating him with a pool cue and a padlock attached to a chain. The victim was struck with 30–50 blows.

Decker received a paycheck of $344.72 on November 18 and cashed it during the early afternoon.

That evening defendant and Decker went out drinking at several taverns and also smoked marijuana between drinks. The evidence showed Decker paid for the drinks and had a substantial amount of currency in his wallet when he was in one of the taverns.

Sometime before 10 p.m. the two went to defendant's apartment. The beating and death of Decker occurred between 10:00 and 11:00 p.m. After the victim's death, no money was found in his billfold. The cash

he had received earlier in the day was not found in defendant's possession, nor was it ever accounted for in any other way.

Gordon was charged with and found guilty by the jury of first-degree murder for the willful, deliberate and premeditated killing of Decker. Iowa Code section 707.-2(1). Defendant presented a defense of diminished capacity. Iowa R.Crim. 10(11)(b). He did not deny inflicting the fatal blows, but he did deny both stealing the victim's money and intending to do so.

The State introduced evidence intended to show that defendant killed Decker with robbery as a motive. The evidence also showed that defendant later told the police authorities that while Decker was at defendant's apartment, Decker claimed defendant owed him $20 and asked for the money so he could take a cab to his residence several miles away. Defendant stated he did not have any money and became angry when Decker asked for the money because defendant believed that Decker had $200–$300 on him.

Gordon further stated to the police that after the beating he looked in Decker's wallet, discovered no money in it and put the wallet back in Decker's pocket.

During the investigation the police found in Decker's residence four bags of marijuana with a total weight of 5.71 ounces, with an approximate value of $228, and drug paraphernalia. Defendant made an offer of proof of this evidence. The court, however, sustained the State's objection that this evidence was irrelevant. Defendant claimed the proffered evidence was relevant to rebut the State's theory that defendant's motive in killing Decker was to get his money.

Defendant appeals from the conviction and sentence entered on the jury verdict.

II. *Exclusion of the proffered evidence as irrelevant.* Defendant contends the district court abused its discretion when it excluded on relevancy grounds evidence of drugs and drug related paraphernalia discovered at the victim's residence after the killing. The victim was killed several miles away at the defendant's residence.

■ Preliminary to our consideration of the issue raised, we note that determinations of the relevance of evidence rest within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *See State v. Zaehringer,* 280 N.W.2d 416, 419–20 (Iowa 1979).

■ The State, to obtain a conviction for first-degree murder, had to show that the defendant killed the victim, Decker, with malice aforethought and in a willful, deliberate, and premeditated manner. Iowa Code §§ 707.1, 707.2(1). Deliberation and premeditation may be shown by evidence of motive. *See State v. Blair,* 347 N.W.2d 416, 421 (Iowa 1984).

The theory by which the State sought to prove deliberation and premeditation was, as noted before, that the defendant's motive in killing Decker was robbery or an attempt to get his money. The defendant contends that his proffered evidence regarding the presence of drugs and drug paraphernalia discovered in Decker's residence after the killing at defendant's residence was relevant to rebut the State's theory, because such evidence would tend to show that defendant did not take any money from Decker, Decker having previously that day spent it on the drugs and drug paraphernalia.

■ This line of argument, even if plausible, is not relevant to the State's theory. The State's case did not depend upon the defendant's actually having taken any money from Decker. Rather, the State contended that the defendant's desire to take money from Decker was his motive for killing him. Even if Decker had earlier spent most of his money on drugs and drug paraphernalia, this would not in itself have prevented the defendant from believing that Decker still had money and from acting on that belief. Any expenditure of money by Decker during the afternoon of the day he died is relevant to the defendant's motive to rob him that night only if it

can be shown that the defendant was aware of such expenditure. No evidence or offer of proof to that effect appears in the record.

Thus, we are unable to conclude that the trial court abused its discretion in excluding the defendant's proffered evidence on relevancy grounds. *See Johnston v. Calvin*, 232 Iowa 531, 536, 5 N.W.2d 840, 843 (1942) (in auto accident personal injury case, plaintiff's evidence regarding discovery of whiskey bottle near scene of car accident properly excluded in absence of any allegation or testimony to the effect that defendant had been drinking); *Gibson v. Burlington, Cedar Rapids & N. Ry. Co.*, 107 Iowa 596, 599, 78 N.W. 190, 191 (1899) (testimony by accident witness about conversations he had with others shortly after accident properly excluded in absence of showing that those he spoke to saw the accident occur, knew anything about its cause, or were in any way responsible for it). *See also* Iowa R.Evid. 402, 104(b) (effective July 1, 1983) (admission of evidence, the relevance of which is conditioned upon fulfillment of a condition of fact, requires introduction of evidence sufficient to support a finding of the fulfillment of the condition). Although these Rules were not in effect at the time of defendant's trial, they are in accord with Iowa practice at that time. *See* Iowa R.Evid. 402 Committee Comment; Iowa R.Evid. 104(b) Committee Comment.

We, therefore, affirm the defendant's conviction.

AFFIRMED.