**STATE of Iowa, Plaintiff–Appellee,**

v.

**Charles Harold FREIBURGER, Defendant–Appellant.**

**No. 88–377.**

Court of Appeals of Iowa.

April 25, 1989.

Paul E. Pfeffer, Clinton, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and Bruce A. Ingham, Asst. County Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

Defendant Charles Harold Freiburger appeals his conviction by a jury of second-degree arson. He contends on appeal that (1) the trial court erred by admitting hearsay and irrelevant testimony by the fire marshal, and (2) that there was insufficient evidence to support his conviction. Our review is for the correction of errors at law. Iowa R.App.P. 4. We affirm.

In the summer of 1987, there was a plethora of arson fires in Clinton, Iowa. A Clinton police officer was stationed as a backyard stakeout on the night of August 20, 1987. At about 2:45 a.m., he saw Charles Freiburger crossing an adjacent yard carrying a rolled-up newspaper. A few minutes later, the officer discovered a nearby house on fire and observed a burning newspaper forced underneath the plywood of a boarded-up window. He saw Freiburger again one block south of the fire site and had him arrested. The officer saw no other persons in the area that morning.

At trial, the fire marshal testified concerning a list he had prepared of eleven incendiary fires discovered in a two or three block area of downtown Clinton during the weeks before the defendant's arrest. A jury found Freiburger guilty of second-degree arson.

Freiburger first contends that the trial court erred in admitting the fire marshal's list of incendiary fires. He argues inadmissibility based on the fact that the records are "investigative reports" and are inadmissible hearsay under Iowa Rule of Evidence 803(8)(B)(i). He also claims inadmissibility based on the fact that the preparers of such documents were not present to

testify. Further, the defendant argues that Iowa Rule of Evidence 404(b), which bans evidence of other crimes, is applicable here.

Iowa Rule of Evidence 803(8) provides in relevant part:

(8) Public Records and Reports. (A) To the extent not otherwise provided in (B), records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to a duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. (B) The following are not within exception to the hearsay rule: (i) investigative reports by police and other law enforcement personnel....

■ Freiburger contends the fire marshal's list is inadmissible under 803(8)(B) as an investigative report. However, we find the fire marshal's list to be admissible under 803(8)(A). This list of fires was compiled from the regularly-kept records of the fire marshal's office. Fire marshals are required by law to investigate and keep records of all fires which occur in their area. *See* Iowa Code Chapter 100 (1987). Therefore, we find the fire marshal's list of fires to be a duty regularly performed in his job. We find the list admissible under Iowa Rule of Evidence 803(8)(A).

■ Defendant's contention that the evidence is inadmissible due to the fact that the actual preparers of the fire marshal's list of fires were not present to testify at trial is without merit. Under Iowa Rule of Evidence 803, which sets forth exception to the hearsay rule, availability of the declarant is immaterial.

■ Defendant also contends that this list of fires is inadmissible evidence under Iowa Rule of Evidence 404(b) which bans evidence of other crimes. This objection to admissibility based on Rule 404(b) is raised for the first time on appeal. Therefore, we find defendant has waived any error as to admissibility on this ground. Even if de-

fendant had properly preserved error, defendant misapplies Rule 404(b). Rule of Evidence 404(b) prohibits the introduction into evidence of other criminal acts of the accused. Exhibit 10, the fire marshal's list, was not a list of other crimes committed by the accused, but a list of fires which had occurred in downtown Clinton between May 30, 1987, and August 20, 1987.

■ Finally Freiburger contends the admissibility of Exhibit 10 was more prejudicial than probative, and thus inadmissible under Rule 403. Determinations of relevance of evidence rests within the sound discretion of the trial court and will be reversed only upon a showing that such discretion has been abused. *State v. Gordon*, 354 N.W.2d 783, 784 (Iowa 1984). We fail to find an abuse of discretion.

■ Second, Freiburger asserts that there was insufficient evidence to support his conviction of second-degree arson. When reviewing the sufficiency of evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record. *State v. Blair*, 347 N.W.2d 416, 418–19 (Iowa 1984). A jury verdict is binding upon this court and will be upheld unless the record lacks substantial evidence to support the charge. *Id.* Substantial evidence means evidence which would convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* (Citations omitted.)

■ The defendant was seen by Officer Pfeiffer in a backyard a very short distance from the fire site. Defendant was carrying a folded newspaper. Within minutes after the defendant was sighted walking from the yard, the officer discovered that a fire had been started at a nearby vacant house by the use of a newspaper. When the defendant was stopped, he was chewing spearmint gum and possessed matches and a cigarette lighter, an opened package of Wrigley's spearmint gum, but no smoking materials. He did not have a newspaper in his possession.

Tracks in the dewy grass led directly from the location where Pfeiffer had first seen the defendant to the fire site. A Wrigley's Spearmint gum foil and the remains of the July 2, 1987 Quad City Times were seized at the fire scene. Officers discovered a July 2, 1987, Quad City Times when searching the defendant's apartment later that day. We conclude that the record contains substantial evidence which would convince a rational trier of fact that the defendant is guilty of second-degree arson beyond a reasonable doubt.

AFFIRMED.

DONIELSON, J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge (specially concurring).

I concur in the result only. I agree with the majority that the record contains substantial evidence which would convince a rational trier of fact that the defendant is guilty of second-degree arson beyond a reasonable doubt. Having reached this conclusion, I need not consider the other assignments of error urged by the defendant, for even if there is error, such error was not prejudicial.