**STATE of Iowa, Appellee,**

v.

**David Troy McDANIEL and Pamela Louise McDaniel, Appellants.**

No. 92–1174.

Supreme Court of Iowa.

Feb. 23, 1994.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. Appellate Defender, for appellants.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and Michael W. Mahaffey, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Defendants, David Troy McDaniel and Pamela Louise McDaniel, husband and wife, appeal from their convictions by jury trial of the offense of possession of a controlled substance (marijuana) with intent to deliver. The court of appeals reversed their convictions on the grounds that the district court erred in (1) failing to give an instruction allowing the jury to find that a prosecution witness was an accomplice of defendants and requiring corroboration of that witness's testimony if the jury so found; and (2) allowing evidence of other illegal drug transactions by defendants.

After considering the arguments of the parties and reviewing the record, we find that no error was committed by the district court with respect to the issues on which the court of appeals reversed defendants' convictions. Upon consideration of other issues raised by defendants that were not considered by the court of appeals, we conclude that those issues present no reversible error. We vacate the judgment of the court of appeals and affirm the judgment of the district court.

Defendants were charged on November 25, 1991, with the trial information alleging that they possessed a controlled substance (marijuana) on October 7, 1991, with intent to deliver same in violation of Iowa Code section 204.401(1)(d) (1991). The basis for their prosecution involved events occurring on October 7, 1991, which led to the execution of a search warrant at defendants' residence. On that evening, the police had arrested one Dottie Sheets and found her to be in possession of one and one-quarter ounces of marijuana. Upon questioning, Sheets revealed that she had obtained the marijuana from defendants earlier that evening. She told police and testified at defendants' trial that she had purchased one-quarter ounce of marijuana from defendants and had taken another ounce from them, which she was to sell to third persons on their behalf.

Armed with the information that they obtained from Sheets and with additional evidence obtained by surveillance of Sheets entering and leaving defendants' residence earlier that day, the police obtained a warrant to search defendants' residence. That search revealed a quantity of marijuana in defendants' possession. Evidence presented at the trial included that which we have already recounted and also evidence of a September 1991 marijuana sale by the defendants to Sheets.

The defendants requested the district court to instruct the jury as to the definition of an accomplice and to further instruct them that, if they found that Dottie Sheets was an accomplice of defendants, her testimony against them would have to be corroborated in order to sustain a conviction. The district court declined to give those requested instructions. After hearing the evidence, the jury found both defendants guilty as charged. In hearing their appeal, the court of appeals concluded that a jury issue existed concerning Dottie Sheets' status as an accomplice and that the district court erred in not instructing the jury that if it found her to be an accomplice her testimony must be corroborated. In addition, the court of appeals found that the evidence concerning the September 1991 marijuana sale by defendants should not have been allowed. Because the court of appeals reversed on the two issues we have mentioned, it did not consider several other assignments of error that the defendants have made on their appeal. We consider all of the issues presented.

I. *Failure to Give Accomplice Instructions.*

■ The court of appeals concluded the jury could have found that Dottie Sheets was acting in concert with the defendants with respect to a potential sale of the one-ounce bag of marijuana in her possession. Based upon this conclusion, that court found that the requested instructions pertaining to the witness's accomplice status should have been given. We disagree. In reviewing the evidence presented against the defendants at trial, it is clear that the marijuana for which they were charged with possessing with intent to deliver was the marijuana found in

defendants' residence upon execution of the search warrant. There is nothing in either the information, the evidence presented at trial, or anything else that occurred during the prosecution to suggest that the marijuana in Dottie Sheets' possession was involved in the charges against defendants.

We do not disagree with the court of appeals' conclusion that the evidence would support a finding that defendants were acting in concert with Dottie Sheets with respect to a proposed sale of the one-ounce bag of marijuana in her possession. However, that was not the offense for which they were charged. Conversely, the record does not include evidence from which the jury might find that Dottie Sheets was acting in concert with defendants in possessing with intent to deliver that marijuana found in defendants' residence.

■■■ The general rule for determining whether a witness is an accomplice is if the witness could be charged with and convicted of the specific offense for which the accused is on trial. *State v. Johnson,* 237 N.W.2d 819, 822 (Iowa 1976). The question of whether a particular witness is an accomplice is a question of law when the facts are not disputed or susceptible to different inferences. *State v. Berney,* 378 N.W.2d 915, 917 (Iowa 1985). When the facts are susceptible to different inferences, the question becomes one of fact for the jury. *Id.* Possession is actual when the substances are found in the immediate possession of the accused. *State v. Parrish,* 502 N.W.2d 1, 3 (Iowa 1993); *State v. Rudd,* 454 N.W.2d 570, 571 (Iowa 1990). Possession is constructive when the defendant maintains sufficient dominion and control of the place where the substances are found. *Rudd,* 454 N.W.2d at 571. Neither of these means of showing possession would establish Dottie Sheets' possession of the controlled substances at issue in the charges against defendants.

In addition, there is no evidence in the record from which it may be concluded that there was any conspiracy or concerted action between defendants and Dottie Sheets with respect to defendants' possession of the marijuana found at their residence. Applying the foregoing standards to the present case, we conclude that as a matter of law Dottie Sheets could not have been convicted of the offense for which defendants were on trial based on the evidence that was presented. The district court did not err in refusing to give the requested instructions on accomplices and the corroboration of an accomplice's testimony.

II. *Evidence of Another Illegal Act.*

■■■ The court of appeals concluded that the district court erred in admitting over defendants' objection evidence that Dottie Sheets had purchased drugs from the defendants in September 1991. We disagree. In *State v. Grosvenor,* 402 N.W.2d 402, 406 (Iowa 1987), which was also a prosecution for possession of marijuana with intent to deliver, we concluded that, because intent is very much an issue with respect to that charge, evidence of other illegal activities that tend to prove the defendants' general propensity to deliver illegal drugs is relevant and should be admitted. We conclude that principle is applicable here.

■■■ Concededly, the inquiry does not end with a finding that the evidence is relevant for one of the independent purposes listed in Iowa Rule of Evidence 404(b) (motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). It must also be determined whether the prejudicial effect of the evidence outweighs its probative effect in the trial of the issues before the jury. *State v. Munz,* 355 N.W.2d 576, 579 (Iowa 1984). Although evidence of other crimes will always be prejudicial to the defendant on trial, that prejudice in and of itself does not outweigh the interest of the public in the State's ability to present relevant evidence of criminal activity to the trier of fact.

■■■ In order for the prejudice engendered by the evidence of another crime to outweigh its probative effect, the evidence must be of a nature that engenders prejudice extending beyond its tendency to show the defendant guilty of an element of the offense charged. That is a discretionary determination for the trial court to make. *State v. Gordon,* 354 N.W.2d 783, 784 (Iowa 1984). We find that the court did not abuse that discretion in

admitting the challenged evidence in the present case.

### III. *Other Issues.*

 Because we have disagreed with the court of appeals decision on the two issues that led to its reversal of defendants' conviction, we must also consider other assignments of error that defendants have set forth that the court of appeals found it unnecessary to consider. These include the claims that (1) the warrant issued for search of their residence on October 7, 1991, was issued without probable cause; and (2) the evidence presented was insufficient to support a finding that defendants were guilty of the offense charged.

As to the first contention, we conclude that the application for the search warrant was accompanied by a showing for probable cause. The circumstances surrounding the arrest of Dottie Sheets and her statements to police were presented to the magistrate. In addition, it was shown that Sheets had been present at defendants' residence earlier on the day that she was arrested. The application also contained information that defendant David Troy McDaniel had previously been convicted of an offense involving possession of marijuana. Dottie Sheets was not a confidential informant. She was identified in the search warrant application and shown to have personal knowledge of the events as to which she testified. The district court properly rejected defendants' contention that the search warrant was issued without probable cause.

As to defendants' claim that the evidence was insufficient to support their conviction, that also is without merit. When an appellate court reviews the record on a claim concerning insufficiency of evidence, it considers the evidence in the light most favorable to the State. *State v. Hall,* 287 N.W.2d 564, 565 (Iowa 1980). In conducting this review, the court may consider any legitimate inferences and presumptions that the trier of fact might have fairly and accurately deduced from the evidence. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). A jury's verdict is binding upon a reviewing court unless there is an absence of substantial

evidence in the record to sustain it. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). The quantities of marijuana found at defendants' residence in the execution of the search warrant, the testimony of Dottie Sheets, the evidence of defendants' September 1991 drug sale to Dottie Sheets, and evidence that scales were found at defendants' residence permit the drawing of inferences consistent with defendants' guilt of the offense charged.

We have considered all issues presented and find no basis for reversing the defendants' convictions. The decision of the court of appeals is vacated; the judgment of district court affirmed.

**JUDGMENT OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**